IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EVERLIGHT ELECTRONICS CO., LTD, | ) Civil No. ____ |
| Plaintiff, | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| SEOUL SEMICONDUCTOR CO., LTD., | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Everlight Electronics Co., Ltd. ("Plaintiff" or "Everlight") makes the following allegations against Defendant Seoul Semiconductor Co., Ltd. ("Defendant" or "Seoul Semiconductor"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of United States Patent No. 7,554,126 (the "'126 Patent" or the "Asserted Patent" attached as **Exhibit 1**) owned by Everlight.

**PARTIES**

2. Plaintiff Everlight Electronics Co., Ltd. is a foreign corporation organized and existing under the laws of Taiwan with a principal place of business located at No. 6-8, Zhonghua Rd., Shulin Dist., New Taipei City 23860, Taiwan. Everlight manufactures light-emitting diode ("LED") products and sells, imports, and/or offers for sale LED products in the United States. Everlight is the sole owner by assignment of all right, title, and interest in the '126 Patent.

3. On information and belief, Defendant Seoul Semiconductor Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 97-11, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.  Upon information and belief, Defendant makes, uses, offers to sell, sells, and/or imports LED products that infringe the '126 Patent in the United States including in the State of Texas and in this District.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant in this action because Defendant, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.  Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the '126 Patent, as described herein.  Accordingly, Defendant has purposefully availed itself of the benefits of doing business in the State of Texas.  In the alternative, this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal law and Defendant's substantial activities within the United States as a whole establish sufficient

minimum contacts and purposeful availment that satisfy any constitutional due process concerns.

7.  Venue is proper in this District under 28 U.S.C. §§ 1391(c) because Defendant is a foreign corporation subject to suit in any district, is subject to personal jurisdiction in this District, has transacted business in this District, and has committed acts of patent infringement in this District.

8.  Venue is also convenient in this District, and in any event, no less convenient to the parties than any other district. Defendant has purposefully availed itself of the benefits and protections of Texas law, including by invoking this Court's jurisdiction in prior lawsuits against other companies. *See e.g.*, *Seoul Semiconductor Co., Ltd. v. Fry's Electronics, Inc.*, 2:18-cv-00386 (E.D. Tex.); *Seoul Semiconductor Co., Ltd. v. Nichia Corporation*, 9:07-cv-00273 (E.D. Tex.); *Seoul Semiconductor Co., Ltd. v. Nichia Corporation*, 2:07-cv-00276 (E.D. Tex.).

## INFRINGEMENT OF U.S. PATENT NO. 7,554,126

9.  Everlight realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10. Everlight owns by assignment all right, title, and interest in and to the '126 Patent, titled "Semiconductor Light-Emitting Element, Manufacturing Method and Mounting Method of the Same and Light-Emitting Device," issued on June 30, 2009, naming Kazushi Higashi and Shinji Ishitani as the inventors. Ex. 1 ('126 Patent) at 1. The '126 Patent is based on U.S. Patent Application No. 11/662,547 with a PCT filing date of September 22, 2005. *Id.* at 1. The '126 Patent claims priority to Japanese Application No. 2004-279049 filed September 27, 2004. *Id.*

11. The '126 Patent discloses a novel method for the manufacture and mounting of semiconductor light emitting elements. The inventive concepts disclosed and claimed in the '126 Patent provide for larger light emitting elements with higher junction yields while enabling

high production efficiency with lower precision requirements.

    12.    By way of example, claim 9 recites:

A method for manufacturing a semiconductor light-emitting element comprising:

> preparing a bare light-emitting element comprising an n-type semiconductor layer formed on a light-transmitting element substrate so as to cover the element substrate;
>
> a p-type semiconductor layer formed on an area on the n-type semiconductor layer from which an area for the n-electrode on the n-type semiconductor layer is excluded, for emitting light in cooperation with the n-type semiconductor layer;
>
> a first n-electrode that is a thin film formed on the area for the n-electrode of the n-type semiconductor layer; and
>
> a first p-electrode that is a thin film formed on the p-type semiconductor layer;
>
> forming a first insulating layer so as to insulate the first n-electrode and the first p-electrode from each other;
>
> forming a second n-electrode on the first n-electrode and the first insulating layer as a thin film having an area larger than a joined face between the n-type semiconductor and the first n-electrode, so that the second n-electrode is electrically connected to the first n-electrode and is insulated from the first p-electrode by the first insulating layer; and
>
> forming a second p-electrode on the first p-electrode as a thin film having an area smaller than a joined face between the n-type semiconductor layer and the p-type semiconductor layer, so that the second p-electrode is electrically connected to the first p-electrode.

    13.    On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain light emitting products such as the WICOP HF Series modules, including but not limited to the SWW0CS10A module, incorporated in various automobiles (collectively the "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '126 Patent in this District and elsewhere in Texas and the United States in violation of 35 U.S.C. § 271, including at least § 271(g).  On information and belief, Defendant imports into the United States or offers to sell, sells, or uses within the United States the Accused Products, which are made by a process covered by one or more method claims of

the '126 Patent.

14. The Accused Products satisfy all claim limitations of one or more method claims of the '126 Patent including, but not limited to, claim 9, as demonstrated in the exemplary claim chart attached as **Exhibit 2**.

15. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Everlight and is liable for infringement of the '126 Patent pursuant to 35 U.S.C. § 271.

16. Defendant has actual knowledge of the '126 Patent and its infringement at least as of the service of this Complaint. To the extent facts learned in discovery show that Defendant's infringement of the '126 Patent is or has been willful, or to the extent that Defendant's actions subsequent to the filing of this Complaint—such as its wanton, malicious, and bad-faith behavior as a litigant or its failure to take remedial actions—render their infringement egregious, Everlight reserves the right to request such a finding at time of trial.

17. As a result of Defendant's infringement of the '126 Patent, Everlight is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Everlight respectfully requests that this Court enter a judgment against Defendant:

    a. determining that Defendant has infringed and continues to infringe, either literally and/or under the doctrine of equivalents, one or more method claims of the '126 Patent;

b. requiring Defendant to pay Everlight its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '126 Patent;

c. requiring Defendant to provide an accounting and to pay supplemental damages to Everlight, including without limitation, pre-judgment and post-judgment interest;

d. finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Everlight its reasonable attorneys' fees and costs against Defendant, and enhanced damages pursuant to 35 U.S.C. § 284; and

e. granting Everlight such other and further relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Everlight, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  February 13, 2026                    Respectfully Submitted,

                                                         By: */s/ Michael P. Sandonato*
                                                         *by permission Andrea L. Fair*
Michael P. Sandonato (*pro hac vice* forthcoming)
New York Bar No. 2532646
LEAD ATTORNEY
**VENABLE LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Philip T. Sheng
California Bar No. 278422
Don Z. Wang
California Bar No. 313447
Pan C. Lee (*pro hac vice* forthcoming)
California Bar No. 278979
**VENABLE LLP**
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

*Of counsel*
Andrea L. Fair
Texas Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Fax: 903-757-2323
andrea@millerfairhenry.com

**Attorneys for Plaintiff**
**Everlight Electronics Co., LTD**