**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| EVERLIGHT ELECTRONICS CO., LTD., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:26-CV-00119 |
| ) | |
| v. ) | |
| ) | **Jury Trial Demanded** |
| SEOUL SEMICONDUCTOR CO., LTD., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ) | |
| SEOUL SEMICONDUCTOR CO., LTD., ) | |
| ) | |
| Counterclaim-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EVERLIGHT ELECTRONICS CO., LTD., ) | |
| EVERLIGHT OPTOELECTRONICS ) | |
| KOREA CO., LTD. ) | |
| ) | |
| Counterclaim-Defendants. ) | |

**DEFENDANT SEOUL SEMICONDUCTOR CO., LTD.'S ANSWER TO
COMPLAINT AND COUNTERCLAIMS**

Defendant Seoul Semiconductor Co., Ltd. ("Seoul Semiconductor" or "Defendant"), hereby answers as follows. Seoul Semiconductor also counterclaims for infringement conducted by Plaintiff Everlight Electronics Co. Ltd. ("Everlight") and Everlight Optoelectronics Korea Co., Ltd. Seoul Semiconductor denies each and every allegation in Everlight's Complaint except as expressly admitted herein.

**INTRODUCTION**

1.    Defendant denies Paragraph 1.

1

**PARTIES**

2.      Defendant lacks knowledge or information to admit the allegations regarding Everlight and on that basis denies them.

3.      Defendant admits it is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 97-11, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851. Defendant denies the remainder of the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4.      Defendant admits that the Complaint purports to allege a claim for patent infringement. Defendant denies that a proper claim for patent infringement has been presented.

5.      Defendant does not contest the existence of subject-matter jurisdiction.

6.      Defendant accepts the Court's application of specific personal jurisdiction solely for the purpose of this lawsuit but denies that it is subject to the general jurisdiction of this Court. Defendant denies the remainder of the allegations in Paragraph 6.

7.      Defendant does not oppose this Court as the venue for this litigation.

8.      Defendant does not oppose this Court as the venue for this litigation.

**THE ALLEGED INFRINGEMENT**

9.      Paragraph 9 merely incorporates by reference the allegations of other paragraphs, and therefore, no response is required. To the extent that a response is required, Defendant incorporates by reference their responses from the corresponding paragraphs.

2

10.    Defendant lacks knowledge or information to admit the allegations in Paragraph 10 and on that basis denies them.

11.    Denied.

12.    Paragraph 12 purports to reproduce the language of claim 9 of the asserted patent. The document speaks for itself and therefore no response is necessary.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, including but not limited to the relief sought in Paragraphs a. through e. of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant acknowledges that Plaintiff requested a jury trial. Defendant also requests a jury trial on all issues so triable by right.

## AFFIRMATIVE DEFENSES

1.    Defendant incorporates by reference its responses to paragraphs 1 though 17 of the Complaint as if fully set forth herein. To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

2.    Plaintiff has failed to state a claim upon which relief may be granted.

3

## SECOND AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

3.     Defendant has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the asserted patent, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

## THIRD AFFIRMATIVE DEFENSE
### (INVALIDITY)

4.     The claims of the '893 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

5.     Plaintiff's claims are barred by the doctrine of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patents.

## FIFTH AFFIRMATIVE DEFENSE
### (NO WILLFULNESS)

6.     Plaintiff's claims for enhanced damages and an award of fees have no basis in fact or law and should be denied.

## RESERVATION OF ADDITIONAL DEFENSES

7.     Defendant reserves the right to assert any additional defenses or counterclaims based on discovery and further factual investigation in the case.

4

## COUTERCLAIMS FOR INFRINGEMENT

Counterclaim-Plaintiff Seoul Semiconductor Co., Ltd. ("Seoul Semiconductor") hereby provides its Counterclaims against Counterclaim-Defendants Everlight Electronics Co., Ltd. ("Everlight") and Everlight Optoelectronics Korea Co., Ltd. ("Everlight Korea").

## INTRODUCTION

1.      Seoul Semiconductor brings this patent infringement action to protect their valuable patented technology relating to light emitting diodes ("LEDs") and LED lighting. An LED is a semiconductor device that converts electrical energy into light. LEDs have many advantages over conventional light sources, including lower energy consumption, longer lifetime, and smaller size.

2.      Seoul Semiconductor was founded in 1992 with approximately 30 employees in a small space of a commercial building in Bongchen-dong, Seoul, Korea. From those initial 30 employees, Seoul Semiconductor has grown into one of the largest manufacturers of LEDs in the world.

3.      Counterclaim-Plaintiff's success is in large part due to their significant investment in innovation and their respect for intellectual property. Seoul Semiconductor has invested in research and development ("R&D") for decades. Seoul Semiconductor invests over 10% of sales revenue into R&D and owns one of the largest LED patent portfolios in the world, which includes more than 10,000 patents worldwide.

## THE COUNTERCLAIM PARTIES

4.      Counterclaim-Plaintiff Seoul Semiconductor is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 97-11, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5

5.    Counterclaim Defendant Everlight is a company organized and existing under the laws of Taiwan with a principal place of business located at No. 6-8, Zhonghua Rd., Shulin Dist., New Taipei City 23860, Taiwan.

6.    Counterclaim Defendant Everlight Korea is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at Room 706-1, S Building, Garden Five Works 52 Chungmin-ro, Songpa-gu, Seoul, Korea 05838.

## JURISDICTION AND VENUE OVER THE COUNTERCLAIMS

7.    This is an action for patent infringement, under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

8.    This Court has personal jurisdiction over Counterclaim Defendant Everlight at least because it has availed itself of the Court's jurisdiction with its Complaint, and also because, upon information and belief, it conducts business and has committed acts of infringement in the United States and within this judicial district.

9.    This Court has personal jurisdiction over Counterclaim Defendant Everlight Korea at least because, upon information and belief, it conducts business and has committed acts of infringement in the United States and within this judicial district.

10.    Venue is proper in this District under 28 U.S.C. § 1391(c) because Counterclaim-Defendants are foreign corporations subject to suit in any district, is subject to personal jurisdiction in this District, has conducted business in this District, and has committed acts of patent infringement in this District. Also, Everlight has consented to venue in this Court by filing its Complaint against Seoul Semiconductor in this district.

6

**THE COUNTERCLAIM PATENTS-IN-SUIT**

11.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 12,298,552 ("the '552 patent") entitled "Backlight unit and display apparatus having the same", including the right to sue and to recover for infringement thereof. The '552 patent was duly and legally issued on May 13, 2025, by the United States Patent and Trademark Office. A copy of the '552 patent is attached hereto as Exhibit A.

12.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 9,070,851 ("the '851 patent") entitled "Wafer-level light emitting diode package and method of fabricating the same", including the right to sue and to recover for infringement thereof. The '851 patent was duly and legally issued on June 30, 2015, by the United States Patent and Trademark Office to Seo *et al*. An *ex parte* review certificate for the '851 Patent issued on June 16, 2017, which amended the originally-issued claims of the '851 Patent and added new claims. A copy of the '851patent, as amended by the June 16, 2017 *ex parte* review certificate, is attached hereto as Exhibit B.

13.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 7,572,653 ("the '653 patent") entitled "Method of fabricating light emitting diode", including the right to sue and to recover for infringement thereof. The '653 patent was duly and legally issued on August 11, 2009, by the United States Patent and Trademark Office to Kim *et al*. A copy of the '653 patent is attached hereto as Exhibit C.

14.    Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 7,667,225 ("the '225 patent") entitled "Light emitting device", including the right to sue and to recover for infringement thereof. The '225 patent was duly and legally issued on February 23, 2010, by the United States Patent and Trademark Office to Lee *et al*. A copy of the '225 patent is attached hereto as Exhibit D.

15.    Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 11,876,151 ("the '151 patent") entitled "Light emitting device, light emitting diode package, backlight unit, and liquid crystal display", including the right to sue and to recover for infringement thereof. The '151 patent was duly and legally issued on January 16, 2024, by the United States Patent and Trademark Office to Kim *et al*. A copy of the '151 patent is attached hereto as Exhibit E.

16.    Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 9,022,618 ("the '618 patent") entitled "Aspherical LED lens and light emitting device including the same", including the right to sue and to recover for infringement thereof. The '618 patent was duly and legally issued on May 5, 2015, by the United States Patent and Trademark Office to Park *et al*. A copy of the '618 patent is attached hereto as Exhibit F.

17.    Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 10,134,967 ("the '967 patent") entitled "Light Emitting Device", including the right to sue and to recover for infringement thereof. The '967 patent was duly and legally issued on November 20, 2018, by the United States Patent and Trademark Office to Seo *et al.* An *inter partes* review certificate for the '967 Patent issued on April 5, 2022, which substituted the originally-issued claims of the '967 Patent

with 16 amended claims. A copy of the '967 patent, as amended by the April 5, 2022 *inter partes* review certificate, is attached hereto as Exhibit G.

18.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 9,147,821 ("the '821 patent") entitled "Light Emitting Device", including the right to sue and to recover for infringement thereof. The '821 patent was duly and legally issued on September 29, 2015, by the United States Patent and Trademark Office to Seo *et al*. A copy of the '821 patent is attached hereto as Exhibit H.

19.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 8,659,050 ("the '050 patent") entitled "Slim LED package", including the right to sue and to recover for infringement thereof. The '050 patent was duly and legally issued on February 25, 2014, by the United States Patent and Trademark Office to Seo *et al*. A copy of the '050 patent is attached hereto as Exhibit I.

20.     Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 8,314,440 ("the '440 patent") entitled "Light emitting diode chip and method of fabricating the same", including the right to sue and to recover for infringement thereof. The '440 patent was duly and legally issued on November 20, 2012, by the United States Patent and Trademark Office. A copy of the '440 patent is attached hereto as Exhibit J.

## COUNTERCLAIM-DEFENDANTS' KNOWLEDGE OF THE PATENTS AND ITS INFRINGEMENT

21.     On March 10, 2021, Seoul Semiconductor notified TCL Technology Group Corporation ("TCL Group"), through TCL Group's legal counsel Yuezhong Feng, that each of the TCL 65R635 television and the TCL 40S325 television infringed multiple patents, including the '653, '618, '967, '821, and '050 patents.

9

22.     On April 9, 2021, TCL Group's legal counsel responded that the TCL 65R635 television and the TCL 40S325 television used LEDs supplied by Everlight. TCL Group's counsel further stated that TCL Group would forward Seoul Semiconductor's infringement notice to Everlight. Accordingly, Everlight was informed, or at minimum should have been informed, that Everlight-supplied LEDs were accused of being incorporated into products infringing the patents listed in the infringement notice.

23.     On April 20, 2021, Seoul Semiconductor again demanded that TCL Group cease the infringing conduct. Neither TCL Group nor Everlight provided any response agreeing to stop the accused infringement, identifying a non-infringing alternative, or proposing any remedial action.

24.     On March 4, 2026, Seoul Semiconductor sent a patent infringement notice to Everlight. Seoul Semiconductor explained that Everlight had been placed on notice through TCL Group that Everlight-supplied LEDs incorporated into the TCL 65R635 television and the TCL 40S325 television infringed Seoul Semiconductor's patents, yet Everlight had not contacted Seoul Semiconductor to resolve the infringement. Seoul Semiconductor further notified Everlight that each of those products infringed multiple patents, including the '552, '653, '151, '618, '967, '821, '050, and '440 patents, and that Everlight and its affiliates were inducing infringement.

25.     On March 11, 2026, Seoul Semiconductor reminded Everlight Korea that its LED module product LBM238M1504-KW-1 infringed multiple patents, including the '653, 151, '967, '821, 050, and '440 patents. Seoul Semiconductor further notified Everlight Korea that Everlight Korea, together with its parent company Everlight, directly infringed and/or induced infringement of those patents.

10

26.     On March 30, 2026, Everlight Korea responded to Seoul Semiconductor's notice by alleging that Seoul Semiconductor's infringement assertions were vague. Everlight Korea, however, did not agree to cease the accused infringement.

27.     On May 27, 2026, Seoul Semiconductor sent an additional infringement notice to Everlight. Seoul Semiconductor notified Everlight that Everlight products supplied for the Galaxy Z Flip7 mobile phone sold by Samsung Electronics Co., Ltd. ("Samsung") infringed multiple patents, including the '552, '851, '653, '225, '151, and '618 patents. Seoul Semiconductor also notified Everlight that Everlight products incorporated into TCL Group's TCL 75Q51K television infringed multiple patents, including the '552, '653, '225, '151, '618, '967, and '821 patents, and that the Everlight EAHC2835WD3 LED package distributed by Mouser Electronics Inc. ("Mouser") infringed multiple patents, including the '653, '225, '821, '050, and '440 patents. Seoul Semiconductor further notified Everlight that Everlight and its affiliates were inducing infringement.

28.     On May 27, 2026, Seoul Semiconductor sent an additional infringement notice to Everlight Korea. Seoul Semiconductor notified Everlight Korea that Everlight products supplied for Samsung's Galaxy Z Flip7 mobile phone infringed multiple patents, including the '552, '851, '653, '225, '151, and '618 patents. Seoul Semiconductor further notified Everlight Korea that Everlight Korea, together with Everlight, directly infringed and/or induced infringement of those patents.

29.     Despite repeated notice of Seoul Semiconductor's patents and infringement assertions, Counterclaim-Defendants continued to make, sell, offer to sell, import, supply, market, and support the accused LED products. Counterclaim-Defendants

11

did not agree to cease the accused conduct, did not identify any non-infringing alternative, and did not take any other meaningful remedial action.

30.     Counterclaim-Defendants actively induce infringement by providing customers, distributors, and end users with data sheets, specifications, technical guides, application information, and other technical and commercial support that instruct and encourage them to incorporate Everlight LED products into infringing products. For example, Everlight's website provides product information and technical guidance for flash LED packages used in mobile phones and SMD LED packages used in televisions and other electronic devices, including at least the following webpages:

https://en.everlight.com/visible_led/category-flash_led/;

https://en.everlight.com/visible_led/category-smd_led/

31.     Everlight also provides product data sheets and technical information to distributors, including Mouser, for Everlight LED packages supplied and distributed in commerce. For example, Mouser Electronics distributes the Everlight EAHC2835WD3 LED package and provides Everlight product information at:

https://www.mouser.com/ProductDetail/Everlight/EAHC2835WD3.

32.     Everlight Korea also induces infringement by supporting Everlight's sales and customer relationships in Korea. Upon information and belief, Everlight Korea was established and operates, at least in part, to promote and sell Everlight products to Korean customers, including Samsung, LG Electronics Inc., and LG Display Co., Ltd., and to assist those customers in incorporating accused Everlight products into products that are made, used, sold, offered for sale, and/or imported into the United States.

**<u>MARKING</u>**

12

33.    Seoul Semiconductor has complied with 35 U.S.C. § 287 with respect to at least the following Asserted Patents: the '851, '225. '618, '967, '821, '050, and '440 patents.

34.    For example, to the extent Seoul Semiconductor made, offered for sale, sold, or imported into the United States products covered by the foregoing patents, Seoul Semiconductor marked substantially all of such products and/or product packaging by fixing thereon the word "patent," along with those patent numbers or an internet address at which the Seoul Semiconductor posted information associating the patented products with their corresponding patent numbers in compliance with 35 U.S.C. § 287.

35.    Those internet addresses include the following URL — https://www.seoulsemicon.com/en/company/parent/certificates/patentportfolio—and reflect virtual marking patent lists that Seoul Semiconductor has been continuously updating since at least January of 2015. A copy of the most recent virtual marking patent lists for Seoul Semiconductor is attached as Exhibit K.

**COUNTERCLAIM COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 12,298,552**
**<u>EXEMPLARY CLAIM 15</u>**

36.    The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

37.    On information and belief, Counterclaim-Defendants have infringed and continue to infringe one or more claims of the '552 patent, including but not limited to exemplary claim 15, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy Z Flip 7 mobile

13

phone. In the alternative, Counterclaim-Defendants have indirectly infringed exemplary claim 15, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

38.    As stated above in paragraphs 21-32, Counterclaim-Defendants have actively induced others to infringe one or more claims of the '552 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy Z Flip 7 mobile phone.

39.    The images below show a flash LED module incorporated in the Samsung Galaxy Z Flip 7 mobile phone. The lower-right images shows that an LED package is disposed on a substrate and a lens is disposed on the LED package. The lens acts as an optical layer configured to diffuse the light emitted from the LED package. As shown in the images below, the substrate is coated in white to provide broad spectrum reflection of light emitted from the LED package.

 

14

40.     Below are a pair of images of the LED package from the Samsung Galaxy Z Flip 7 mobile phone. The left image shows the light emitting side and the right image shows the reverse side having two contact electrodes. The package is longer in the direction that the contact electrodes are arranged (the horizontal direction in the image below) and shorter in the direction perpendicular to the direction that the contact electrodes are arranged (the vertical direction in the image below).



41.     Below is a close-up view of a region of the substrate after removal of the light emitting package. Removal of the package reveals that the substrate has a pair of pad electrodes that were electrically connected to the contact electrodes shown in the image above prior to removal of the package.



42.     As shown in the image above, the gap between the pad electrodes is smaller than the lengths of the light emitter as described in the preceding paragraphs. The gap is also  greater than 50 micrometers.

43. Counterclaim-Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

44. Counterclaim-Defendants' infringement has occurred with knowledge of the '552 patent and knowledge that its acts constitute infringement. Counterclaim-Defendants' continuing conduct, therefore, is willful.

45. Seoul Semiconductor is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNTERCLAIM COUNT 2**
**INFRINGEMENT OF U.S. PATENT NO. 9,070,851**
**EXEMPLARY CLAIM 1**

46. The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

47. On information and belief, Counterclaim-Defendants have infringed and continue to infringe one or more claims of the '851 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy Z Flip 7 mobile phone. In the alternative, Counterclaim-Defendants have indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

48.     As stated above in paragraphs 21-32, Counterclaim-Defendants have actively induced others to infringe one or more claims of the '851 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy Z Flip 7 mobile phone.

49.     Three images are provided below. The left image below shows a flash LED module from the Samsung Galaxy Z Flip 7 mobile phone. The center image below shows an LED package that was removed from the flash LED module. The right image below shows the LED chip after the phosphor-containing encapsulant has been removed.



50.     The scanning electron microscope ("SEM") image below left is an enlarged view of one of these contact holes viewed with the bottom of the chip facing upwards. In the image, a hole has been milled into the LED chip using a focused ion beam ("FIB"). The SEM image below-right shows a cross-sectional view of the side surface of  the milled hole. The raised mesa can be seen to the left side of the image and includes, in relevant part (from top to bottom in the image), a second conductive type (p-type) semiconductor layer and an active layer such that the contact hole penetrates through the second conductive type (p-type) semiconductor layer and the active layer to expose the first conductive type (n-type) semiconductor layer below. By penetrating

17

through second conductive type (p-type) semiconductor layer and the active layer within the mesa, contact is made to the first conductive type (n-type), with the contact hole being surrounded by second conductive type (p-type) semiconductor layer and active layer of the mesa.



51.    The SEM images below shows bumps on the bottom of the chip where contact is made to the underlying electric leads. The bumps are respectively electrically connected to the first conductive type (n-type) semiconductor layer via contact holes and to the second conductive type (p-type) semiconductor layer.



52.    The image below-left again shows the LED package of the Samsung Galaxy Z Flip 7 mobile phone. The optical image below-right shows a bottom view of the LED package. As seen in the images, a protective insulation layer covers the external side wall surface of the semiconductor structure..

18



53.     Counterclaim-Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

54.     Counterclaim-Defendants' infringement has occurred with knowledge of the '851 patent and knowledge that its acts constitute infringement. Counterclaim-Defendants' continuing conduct, therefore, is willful.

55.     Seoul Semiconductor is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNTERCLAIM COUNT 3**
**INFRINGEMENT OF U.S. PATENT NO. 7,572,653**
**EXEMPLARY CLAIM 1**

56.     The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

57.     On information and belief, Counterclaim-Defendants have infringed and continue to infringe one or more claims of the '653 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) and/or § 271(g), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED

19

modules incorporated in various mobile phones, such as the Samsung Galaxy Z Flip 7 mobile phone. In the alternative, Counterclaim-Defendants have indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

58.    As stated above in paragraphs 21-32, Counterclaim-Defendants have actively induced others to infringe one or more claims of the '653 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy Z Flip 7 mobile phone.

59.    Three images are provided below. The left image below shows a flash LED module from the Samsung Galaxy Z Flip 7 mobile phone. The center image below shows an LED package that was removed from the flash LED module. The right image below shows the LED chip from the package after the removal of the phosphor-containing encapsulant.



60.    On information and belief, the LED chip is formed by practicing a method of fabricating a light emitting diode. The resulting light emitting diode is shown in the SEM image reproduced below, which shows portions of the back-side of the chip opposite from the growth substrate.

20



61.     On information and belief, the method of fabricating the light emitting diode comprises a step of preparing a patterned substrate. The prepared substrate as it exists in the final product is shown toward the bottom of the SEM image reproduced below.



62.     On information and belief, the method of fabricating the light emitting diode further comprises the step of forming a lower semiconductor layer, an active layer, and an upper semiconductor layer on the substrate. The resulting layers are shown in the SEM  image reproduced below.

21



63.    On information and belief, the method of fabricating the light emitting diode further comprises the step of forming an etching stop pattern on a portion of the semiconductor layer, forming a photoresist pattern over the upper semiconductor layer and the etching stop pattern such that a sidewall of the photoresist pattern is inclined to an upper surface of the substrate, sequentially etching the upper semiconductor layer, active layer and lower semiconductor layer using the photoresist pattern as an etching mask, and removing the photoresist pattern and the etching stop pattern. More specifically, the angled nature of the semiconductor layers shown toward the right side of the above image is indicative of the above-described use of photoresist pattern that possessed a corresponding sloped surface during the etching process.

64.    Counterclaim-Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

65.    Counterclaim-Defendants' infringement has occurred with knowledge of the '653 patent and knowledge that its acts constitute infringement. Counterclaim-Defendants' continuing conduct, therefore, is willful.

66.    Seoul Semiconductor is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNTERCLAIM COUNT 4
## INFRINGEMENT OF U.S. PATENT NO. 7,667,225
## EXEMPLARY CLAIM 1

67.    The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

68.    On information and belief, Counterclaim-Defendants have infringed and continue to infringe one or more claims of the '225 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy Z Flip 7 mobile phone. In the alternative, Counterclaim-Defendants have indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

69.    As stated above in paragraphs 21-32, Counterclaim-Defendants have actively induced others to infringe one or more claims of the '225 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy Z Flip 7 mobile phone.

70.    Three images are provided below. The left image below shows a flash LED module from the Samsung Galaxy Z Flip 7 mobile phone. The center image below shows an LED package that was removed from the flash LED module. The right image

23

below shows the LED chip from the package after the removal of the phosphor-containing encapsulant.



71.      Below are three transmission electron microscope ("TEM") images of the epitaxial structure of the LED chip. The image to the left shows the entire epitaxial structure above a patterned sapphire substrate. The image below middle enlarges the region of the epitaxial structure around the multi-quantum well active layer. The image below right enlarges the multi-quantum well. The LED chip includes from bottom to top in relevant part a substrate, an n-type semiconductor layer, a multi-quantum-well structure, and a p-type semiconductor layer. The multi-quantum well structure comprises well layers that appear relatively bright and barrier layers that appear relatively darker.



72.      The well layers within the multi-quantum well include indium. In addition, the concentration of indium varies across the layer, with areas of relatively high indium

concentration transitioning to areas of lower indium concentration. The regions of relatively higher indium concentration correspond to carrier trap portions. And the transition from relatively lower to relatively higher indium concentration corresponds to a related drop in the band-gap energy.

73.    Counterclaim-Defendants' infringement has caused and is continuing to cause damage and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

74.    Counterclaim-Defendants' infringement has occurred with knowledge of the '225 patent and knowledge that its acts constitute infringement. Counterclaim-Defendants' continuing conduct, therefore, is willful.

75.    Seoul Semiconductor is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNTERCLAIM COUNT 5**
**INFRINGEMENT OF U.S. PATENT NO. 11,876,151**
**EXEMPLARY CLAIM 9**

76.    The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

77.    On information and belief, Everlight has infringed and continues to infringe one or more claims of the '151 patent, including but not limited to exemplary claim 9, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including LED strip modules used in LED backlights for LCD televisions, monitors, and notebooks, including, for example, the TCL 75Q51K television. In the alternative, Counterclaim-Defendants have indirectly

25

infringed exemplary claim 9, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

78.    As stated above in paragraphs 21-32, Everlight has actively induced others to infringe one or more claims of the '151 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including LED strip modules used in LED backlights for LCD televisions, monitors, and notebooks, including, for example, LCD televisions such as the TCL 75Q51K television.

79.    The TCL 75Q51K television includes a plurality of LED strip modules. The image below shows the TCL 75Q51K television after removal of the liquid crystal display panel, revealing LED strip modules that include associated lenses.



80.    Three images are provided below. The left image is a close-up top view of two lenses disposed on a circuit board. The center image is a close-up top view of a light-emitter after removal of its associated lens. The right image is a close-up top view of a light-emitter after removal of its yellow encapsulant, revealing two LED chips.



81.     Three SEM images are provided below. The image at far left shows the top surface of one of the LEDs after removal from the package. The image in the center shows an enlarged view after a hole was milled into the LED chip using a FIB. The SEM image below-right provides a cross-sectional view  of the side-surface of the milled hole. The raised mesa can be seen to the right side of the image and includes, in relevant part, a first conductivity type semiconductor layer, a second conductivity type semiconductor layer, and an active layer disposed between the first conductivity type semiconductor layer and the second conductivity type semiconductor layer.



82.     The image above left also shows two electrode pads, one electrically connected to the first conductivity type semiconductor layer of the light emitting structure and the other electrically connected to the second conductivity type semiconductor layer of the light emitting structure.

83.     Two additional images of the light emitter are reproduced below. The image below-left again shows an optical microscope image of the LED package. The yellow area of the package is a light transmitting layer that covers the surfaces of the light emitter. The image below right is an SEM of a cross-section through the package. The light emitter, which is identified by the reference to a width of 1.28mm is again shown covered by the light transmitting layer.

27

 

84.     The image above-left also show a white dam surrounding the yellow light transmitting layer. In the cross-section, the dam appears brighter than the central light transmitting layer. The dam surrounds a portion of the light emitter and a portion of the light transmitting layer. In addition, the height of the dam forms an angle from the optical axis of the light emitting surface of the light emitter that is greater than the peak beam angle of the light emitter.

85.     Everlight's infringement has caused and is continuing to cause damage and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

86.     Everlight's infringement has occurred with knowledge of the '151 patent and knowledge that its acts constitute infringement. Everlight's continuing conduct, therefore, is willful.

87.     Seoul Semiconductor is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNTERCLAIM COUNT 6**
**INFRINGEMENT OF U.S. PATENT NO. 9,022,618**
**<u>EXEMPLARY CLAIM 5</u>**

28

88.     The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

89.     On information and belief, Everlight has infringed and continues to infringe one or more claims of the '618 patent, including but not limited to exemplary claim 5, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including LED strip modules used in LED backlights for LCD televisions, monitors, and notebooks, including, for example, the TCL 75Q51K television. In the alternative, Counterclaim-Defendants have indirectly infringed exemplary claim 5, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

90.     As stated above in paragraphs 21-32, Everlight has actively induced others to infringe one or more claims of the '618 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including LED strip modules used in LED backlights for LCD televisions, monitors, and notebooks, including, for example, LCD televisions such as the TCL 75Q51K television.

91.     The TCL 75Q51K television includes a plurality of LED strip modules. The image below shows the TCL 75Q51K television after removal of the liquid crystal display panel, revealing LED strip modules that include associated lenses.



29

92.      Three images are provided below. The left image is a close-up top view of lenses disposed on a circuit board. The center image is a close-up top view of a light-emitting device after removal of its associated lens. The right image is a close-up top view of the light-emitting device after removal of its encapsulant, revealing two LED chips.



93.      The SEM image below is a cross-section view of a lens from the TCL 75Q51K television. As the image shows, the lens is aspherical. The lens is also rotationally symmetrical with respect to a central axis of the lens, which can be seen for both lenses shown in the image above left. The lens includes a central cavity within which an associated light emitting device was provided prior to removal of the lens from the substrate. The lens comprises a curved surface disposed on the side surface of a light exit plane and a linear section disposed between the curved surface and the central axis of the lens.



94.    As the above image shows, a portion of the lens side surface, which comprises part of the light exit plane, has roughened regions, resulting in protrusions extending above the surface of the lens.

95.    Everlight's infringement has caused and is continuing to cause damage and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

96.    Everlight's infringement has occurred with knowledge of the '618 patent and knowledge that its acts constitute infringement. Everlight's continuing conduct, therefore, is willful.

97.    Seoul Semiconductor is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNTERCLAIM COUNT 7
## INFRINGEMENT OF U.S. PATENT NO. 10,134,967
## <u>EXEMPLARY CLAIM 17</u>

98.    The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

99.    On information and belief, Everlight has infringed and continues to infringe one or more claims of the '967 patent, including but not limited to exemplary claim 17, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including LED strip modules used in LED backlights for LCD televisions, monitors, and notebooks, including, for example, the TCL 75Q51K television. In the alternative, Counterclaim-Defendants have indirectly

31

infringed exemplary claim 17, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

100.    As stated above in paragraphs 21-32, Everlight has actively induced others to infringe one or more claims of the '967 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including LED strip modules used in LED backlights for LCD televisions, monitors, and notebooks, including, for example, LCD televisions such as the TCL 75Q51K television.

101.    The TCL 75Q51K television includes a plurality of LED strip modules. The image below shows the TCL 75Q51K television after removal of the liquid crystal display panel, revealing LED strip modules that include associated lenses.



102.    Three images are provided below. The left image is a close-up top view of lenses disposed on a circuit board. The center image is a close-up top view of a light-emitting device after removal of its associated lens. The right image is a close-up top view of the light-emitting device after removal of its encapsulant, revealing two LED chips.



103.    The image below is an optical microscope image of a cross-section through the LED package with annotations added to indicate two lead frames and two fixing holes in the lead frames. Undercuts in both lead frames can also be seen in the center of the image where the lead frames face each other.



104.    Further annotations are provided in the image below specifying the locations of the fixing spaces, which are recessed inward into the interior portions of the lead frames.



105.    The image below is an x-ray vertically through the package, which shows the undercut sidewalls as relatively lighter regions around sides of the lead frames, and which are distinguishable from the interior portions of the lead frames which appear relatively darker due to the thicker metal in the interior portions. The x-ray image also again shows the locations of the fixing holes in each of the thicker interior portions of the lead frames. The fixing holes include undercut sidewalls that envelope the inner bounds of the fixing holes.

33

**Undercut sidewall of fixing hole**



**Interior portion**

106.    As shown in the x-ray image below, in addition to the pair of sidewalls that face each other as described in the preceding paragraph, the pair of lead frames also have two pairs of undercut sidewalls that are parallel to each other in the vertical direction. Those undercut sidewalls are also perpendicular to those discussed in the preceding paragraph.

34



107.    Everlight's infringement has caused and is continuing to cause damage

and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to

suffer damage and irreparable injury unless and until that infringement is enjoined by this

Court, as a remedy at law alone would be inadequate.

108.    Everlight's infringement has occurred with knowledge of the '967 patent

and knowledge that its acts constitute infringement. Everlight's continuing conduct,

therefore, is willful.

109.    Seoul Semiconductor is entitled to injunctive relief and damages in

accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNTERCLAIM COUNT 8**
**INFRINGEMENT OF U.S. PATENT NO. 9,147,821**
**EXEMPLARY CLAIM 1**

110.    The allegations in the foregoing paragraphs of these Counterclaims are

incorporated by reference herein as if restated and set forth in full.

35

111.    On information and belief, Everlight has infringed and continues to infringe one or more claims of the '821 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including LED strip modules used in LED backlights for LCD televisions, monitors, and notebooks, including, for example, the TCL 75Q51K television. In the alternative, Counterclaim-Defendants have indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

112.    As stated above in paragraphs 21-32, Everlight has actively induced others to infringe one or more claims of the '821 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including LED strip modules used in LED backlights for LCD televisions, monitors, and notebooks, including, for example, LCD televisions such as the TCL 75Q51K television.

113.    The TCL 75Q51K television includes a plurality of LED strip modules. The image below shows the TCL 75Q51K television after removal of the liquid crystal display panel, revealing LED strip modules that include associated lenses.



114.    Three images are provided below. The left image is a close-up top view of two lenses disposed on a substrate. The center image is a close-up top view of a light-

36

emitting device after removal of its associated lens. The right image is a close-up top

view of the light-emitting device after removal of its encapsulant, revealing two LED

chips.



115.    The top image below is an optical microscope image of a cross-section of

the light emitting device from the TCL 75Q51K television. The bottom image below is

an x-ray through the light emitting device.



116.    As the above images show, the light emitting device contains two lead

frames spaced apart from each other. The optical microscope image show that each lead

frames has an upper portion and a lower portion. Two LED chips are disposed on the upper portion of the lead frames in the optical microscope image.

117.    The cross-section image above depicts the cross-sectional shape of the sidewalls of both lead frames at the sides that face each other in the horizontal direction. In addition, the upper portion of the left and right lead frames extend further into the space between the lead frames than the lower portion of the left and right lead frames. That the upper portions extend further into the space than the lower portions indicates the upper and lower portions have different planar shapes from each other. This same feature is also depicted in the x-ray image above. In particular, both leads are shown with relatively dark central portions and relatively light outer portions. The differences in brightness correlate to the thickness of the metal at those locations. The relatively light outer portions have different planar shapes than the relatively dark central portions.

118.    As stated above, since the upper portions extends further into the space than the lower portions, the sidewalls of both lead frames comprise an inset sidewall partially defining an outer fixing space. And also a planar area of the outer fixing space disposed between the second portions is smaller than a planar area of the outer fixing space disposed between the first portions the sidewalls of both lead frames comprise an inset sidewall partially defining an outer fixing space. And also a planar area of the outer fixing space disposed between the second portions is smaller than a planar area of the outer fixing space disposed between the first portions.

119.    Everlight's infringement has caused and is continuing to cause damage and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to

38

suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

120.    Everlight's infringement has occurred with knowledge of the '821 patent and knowledge that its acts constitute infringement. Everlight's continuing conduct, therefore, is willful.

121.    Seoul Semiconductor is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNTERCLAIM COUNT 9**
**INFRINGEMENT OF U.S. PATENT NO. 8,659,050**
**EXEMPLARY CLAIM 1**

122.    The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.`

123.    On information and belief, Everlight has infringed and continues to infringe one or more claims of the '050 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including LED packages bearing model number EAHC2835WD3. In the alternative, Counterclaim-Defendants have indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

124.    As stated above in paragraphs 21-32, Everlight has actively induced others to infringe one or more claims of the '050 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including LED packages bearing model number EAHC2835WD3.

39

125. Optical microscope images of the LED package EAHC2835WD3 are reproduced below before and after removal of an encapsulant.

 

126. The image below is an optical microscope image of a cross-section through the LED package EAHC2835WD3



127. The above cross-sectional image also shows first (right) and second (left) lead frames that are spaced apart from each other. The cross-sectional image also shows that at least part of the surfaces of the first and second lead frames are covered by a yellow resin. In addition, the rectangular outline of an LED chip is shown disposed on upper surface of the second (left) lead frame in the image above. An electrical connection between the LED and the first (right) lead frame is visible in the image above.

128. The above cross-sectional image also shows that both lead frames include a groove formed thereon, that the resin is formed in the groove, and that the groove comprises a plurality of sub-grooves, each having a triangular cross-section.

129.    Everlight's infringement has caused and is continuing to cause damage and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

130.    Everlight's infringement has occurred with knowledge of the '050 patent and knowledge that its acts constitute infringement. Everlight's continuing conduct, therefore, is willful.

131.    Seoul Semiconductor is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNTERCLAIM COUNT 10**
**INFRINGEMENT OF U.S. PATENT NO. 8,314,440**
**EXEMPLARY CLAIM 1**

132.    The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

133.    On information and belief, Everlight has infringed and continues to infringe one or more claims of the '440 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a) and/or § 271(g), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including LED packages bearing model number EAHC2835WD3. In the alternative, Counterclaim-Defendants have indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

134.    As stated above in paragraphs 21-32, Everlight has actively induced others to infringe one or more claims of the '440 patent, at least through its continued

41

marketing, support, and sale of certain light-emitting products, including LED packages bearing model number EAHC2835WD3.

135.    The LED package EAHC2835WD3 comprises an LED chip. Optical microscope images of the LED package EAHC2835WD3 are reproduced below before and after removal of an encapsulant.



136.    Below are SEM images of the side surface of a hole created using a FIB in the LED chip from the EAHC2835WD3. The image shows the epitaxial structure formed above a substrate. The epitaxial structure comprises a light-emitting structure including from bottom to top, a second conductivity type (n-type) semiconductor layer, an active layer, and a first conductivity type (p-type) semiconductor layer.



137.    The TEM images below show an alternately laminated bottom structure located on the bottom of the substrate. As shown in the below images, the alternately laminated bottom structure comprises dielectric pairs comprising relatively thick first

material layers of $SiO_2$ and relatively thin second material layers of $TiO_2$. The $SiO_2$ layers appear relatively darker and the $TiO_2$ layers appear relatively brighter.

138.    The dielectric pairs comprises a first dielectric pair comprising the first material layer and the second material layer each having an optical thickness less than $\lambda/4$ ($\lambda$ is the center of the visible spectrum), a second dielectric pair comprising the first material layer and the second material layers, one of the first material layer and the second material layer having an optical thickness less than $\lambda/4$ and the other having an optical thickness greater than $\lambda/4$, and third dielectric pairs comprising the first material layer and the second material layer, each of the first material layer and the second material layer having an optical thickness greater than $\lambda/4$. The first dielectric pairs are located farther from the substrate than the third dielectric pairs.



139.    Everlight's infringement has caused and is continuing to cause damage and irreparable injury to Seoul Semiconductor. Seoul Semiconductor will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

140.   Everlight's infringement has occurred with knowledge of the '440 patent and knowledge that its acts constitute infringement. Everlight's continuing conduct, therefore, is willful.

141.   Seoul Semiconductor is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## PRAYER FOR RELIEF

WHEREFORE, Seoul Semiconductor requests that the Court enter judgment in their favor and against Counterclaim-Defendants, as follows:

A.   A judgment that Counterclaim-Defendants infringe one or more claims of one or more of the '552, '851, '653, '225, '151, '618, '967, '821, '050, and '440 patents;

B.   A preliminary and permanent injunction restraining and enjoining Counterclaim Defendant, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, joint ventures, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from infringing one or more claims of one or more of the '552, '851, '653, '225, '151, '618, '967, '821, '050, and '440 patents;

C.   An award of damages to Counterclaim-Plaintiff Seoul Semiconductor arising from Counterclaim-Defendants' past and continuing infringement of one or more claims of one or more of the '552, '851, '653, '225, '151, '618, '967, '821, '050, and '440 patents up until the date Counterclaim-

44

Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

D.    A determination that Counterclaim-Defendants' infringement of one or more claims of one or more of the '552, '851, '653, '225, '151, '618, '967, '821, '050, and '440 patents was willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

E.    A determination that this is an exceptional case and an award to Counterclaim-Plaintiff of its attorneys' fees pursuant to 35 U.S.C. § 285; an order awarding Counterclaim-Plaintiff the costs and expenses that it has incurred in prosecuting this action;

F.    An order awarding Counterclaim-Plaintiff pre- and post-judgment interest on its damages; and

G.    Such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Counterclaim-Plaintiff Seoul Semiconductor respectfully request a jury trial on all issues so triable.

DATED: June 15, 2026               Respectfully submitted,

Jennifer Jonak
JONAK LAW GROUP, P.C.
1711 Willamette St, Suite 301, # 145
Eugene, Oregon 97401
(541) 525-9102
jenny@jonak.com

*Counsel for Defendants/Counterclaim-Plaintiffs*

Javier Sobrado
THE BRICKELL IP GROUP, PLLC
1101 Brickell Ave, South Tower, Ste 800
Miami, Florida 33131
(305) 728-8831
jsobrado@brickellip.com
(*Pro Hac Vice Pending*)