**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EVERLIGHT ELECTRONICS CO., LTD., Plaintiff, v. SEOUL SEMICONDUCTOR CO., LTD., Defendant, | ) | Civil Action No. 2:26-CV-00119-JRG |
| SEOUL SEMICONDUCTOR CO., LTD., Counterclaim-Plaintiff, v. EVERLIGHT ELECTRONICS CO., LTD., EVERLIGHT OPTOELECTRONICS KOREA CO., LTD. Counterclaim-Defendants. | ) | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1. Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

**2. Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a) Interrogatories: Each side shall have 40 interrogatories.

(b) Requests for Admissions: Each side shall have 30 requests for admission. Each side may serve an unlimited number of additional requests for admission for the sole purpose of establishing authenticity, evidentiary admissibility, public availability, or dating of documents and other evidence (collectively termed "evidentiary issues"), which additional requests for admission shall not count toward the above numerical limit, provided that such requests for admission are clearly denoted as such and served separately from any requests for admission subject to the numerical limitation previously stated. However, the parties will work together in good faith to agree on a stipulation as to the authenticity of their own documents. Further, the parties are required to meet and confer in good faith after serving any request for admission directed solely to the authentication of documents and things to

determine whether a response to any such request is necessary or if the response to any such request may be obviated by a stipulation.

(c) Evidence regarding documents' authenticity and/or qualification for hearsay exceptions: The parties will work together in good faith to agree on a stipulation as to the admissibility of documents, including documents obtained from third parties. If either side believes that depositions of document custodians or of other qualified persons are needed in order to resolve questions of the authenticity of any document or data, or to resolve questions relating to the applicability of the "business records" or any other exception to the hearsay rule as to any document or data, then such depositions may be conducted using written questions, unless such a method is prohibited by the laws of any relevant jurisdiction. There is no limit to the number of depositions that may be noticed for the purposes described in this paragraph.

(d) Fact depositions: Each side shall be permitted up to 70 hours of total deposition time on the record for the other side's fact (i.e., not retained expert) witnesses, including party affiliate witnesses, and each side may take up to 40 hours of third-party deposition testimony, whether such depositions are under Rule 30(b)(1) or Rule 30(b)(6). Time spent cross-examining a third-party witness noticed by the other side counts toward the cross-examining side's allotted time. Except as otherwise set forth in this Order or ordered by the Court or agreed to by the parties, no witness shall be subject to more than one deposition in his or her personal capacity, unless for good cause, and each deposition will be limited in time per Rule 30(d)(1) to one day of 7 hours. The parties shall make best efforts to coordinate depositions to reduce redundancy and inconvenience to the parties.

(e) Experts: Each side shall have up to 4 experts. If a side in good faith determines that the side needs an additional expert for purposes of rebuttal in order to respond to an unanticipated expert opinion to which that side's previously retained experts are unable to respond, then the side may add up to two rebuttal experts, for purposes of rebuttal of the unanticipated expert opinions only.

(f) Expert depositions: Each side may depose each of the other side's experts that served an opinion against that side for up to 7 hours. If an expert serves more than one report (*i.e.*, one opening and one rebuttal report, but not counting any permitted supplemental reports), the deposition time permitted for that expert shall be increased by 5 hours for each additional report served. If a side is permitted by rule or Court order to serve a supplemental expert report after that expert has been deposed in accordance with the previous limitations, the opposing side may take a supplemental deposition of that expert for up to 3.5 hours. If good cause so requires, based on the scope of any such supplemental expert report, a side may request additional time after meeting and conferring in good faith with the other side.

(g) Claim Construction depositions: If a side offers a fact or expert witness declaration in support of its claim construction positions, the opposing side may depose that witness for up to 5 hours limited to topics addressed in the declaration and without counting against the time limits expressed in the previous subsections of this paragraph.

(h) For depositions conducted through an interpreter, only half of the on-the-record time shall count toward the deposition-hour limitation, and any deposition conducted through an interpreter can be split over two days at the election of the producing party or producing third party.

(i) Absent agreement by the parties, fact depositions will be taken where the witness resides to the extent depositions are permitted in that location; if that is not possible, then the parties shall negotiate a location that is close to where the witness resides. Depositions may be conducted by videoconference, at the option of the noticing party, subject to the applicable laws of the jurisdiction in which the video deposition is to be given. A defending attorney is free to defend a witness in person at a deposition that the noticing party takes by videoconference but must remain on video while the deposition is being conducted.

(j) Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that

will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.** **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11.** **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.** **Proposed Stipulations by the Parties Regarding Discovery.**

(a) All written discovery requests and discovery responses shall be served via electronic mail only. Documents emailed by 11:59 p.m. CT shall be deemed timely served. For purposes of calculating responsive deadlines, however, service after 5:00 p.m. CT shall be deemed served on the following day. The parties will make every effort to serve by email all documents filed under seal within two (2) hours.

(b) Third-Party Subpoenas: The parties may serve subpoenas for third parties to produce documents or testify. The parties will serve each other with copies of any third-party subpoenas prior to the subpoena being served on the third party. The parties will promptly serve each other with copies of any documents produced by third parties pursuant to subpoena or otherwise within 5 business days of receipt of the documents, and, if the documents are received fewer than 5 business days from the date of any deposition of the third party producing the documents, no later than 24 hours from such receipt. Notwithstanding the foregoing, the parties will work together to reschedule the deposition of a third party if the party serving the subpoena receives documents and does not serve them on the other party within 3 business days of the date of any

deposition of the third party. The parties shall include one another on any communications with third parties regarding the scheduling of depositions.

(c) Privilege Logs: Except as provided under Local Patent Rule 3-7, no party to the litigation is required to identify on their privilege logs any protected documents or communications that: (a) came into existence on or after the filing date of the Complaint, January 13, 2026; (b) work product prepared for or by Litigation Counsel ("Litigation Counsel" is defined as counsel of record in this litigation) related to this litigation; or (c) communications and documents exchanged only between a party and its Litigation Counsel (and no other party) for the sole purpose of providing legal advice related to this litigation. The parties may modify the foregoing provisions of this paragraph either by agreement or by order of the Court for good cause shown after compliance with the applicable procedures for resolution of discovery disputes. Consistent with the intentions of Federal Rule of Evidence 502(d), inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-

client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

(d) Expert Discovery: A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case and other cases are exempt from discovery. Communications with testifying experts are protected except as provided in Federal Rule of Civil Procedure 26(b)(4)(C). The testifying expert must produce his or her final report and all materials on which he or she relied, including underlying datasets, testing protocols, software scripts, and models used to generate opinions.

(e) Electronic Correspondence: Compliance with the Court's disclosure obligations and production requests under Federal Rules of Civil Procedure 34 and 45, shall not include email or other forms of electronic correspondence (collectively "e-mail").

(f) At least five (5) calendar days prior to prior to a deposition noticed under Fed. R. Civ. P. 30(b)(6), the organization to which the notice was directed shall identify by name and title the witness(es) that will provide testimony on its behalf as well as the topics on which each witness will testify. To the extent there is a change in the identity of the witness(es) or topics after such identification by the organization, the organization shall notify the noticing party as soon as reasonably practicable.

(g) A party using electronically stored documents as deposition exhibits shall, upon request, provide electronic copies of such exhibits to all parties at or before the conclusion of the deposition.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's

website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 6th day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE