**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EVERLIGHT ELECTRONICS CO., LTD., )
)
Plaintiff, )
)
v. )
)
SEOUL SEMICONDUCTOR CO., LTD., )
)
Defendant, )
)

SEOUL SEMICONDUCTOR CO., LTD., )
)
Counterclaim-Plaintiff, )
)
v. )
)
EVERLIGHT ELECTRONICS CO., LTD., )
EVERLIGHT OPTOELECTRONICS )
KOREA CO., LTD. )
)
Counterclaim-Defendants )

Civil Action No. 2:26-CV-00119

**Jury Trial Demanded**

**COUNTERCLAIM-DEFENDANT EVERLIGHT OPTOELECTRONICS KOREA CO., LTD.'S MOTION TO DISMISS COUNTERCLAIM-PLAINTIFF'S AMENDED COUNTERCLAIMS**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. Legal Standard ..... 3

A. Personal Jurisdiction Under Rule 12(b)(2) ..... 3

B. Failure to State a Claim Under Rule 12(b)(6) ..... 4

IV. ARGUMENT ..... 4

A. SSC Has Not Established Personal Jurisdiction Over Everlight Korea for Counts 5–10 ..... 5

B. SSC Fails to State Claims for Direct Infringement and Induced Infringement Against Everlight Korea ..... 6

C. Further Leave to Amend Should Be Denied ..... 7

V. CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ..... 4

*Celgard, LLC v. SK Innovation Co.*,
792 F.3d 1373 (Fed. Cir. 2015) ..... 3, 5

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ..... 4

*CSR Ltd. v. Link*,
925 S.W.2d 591 (Tex. 1996) ..... 3

*Enplas Display Device Corp. v. Seoul Semiconductor Co.*,
909 F.3d 398 (Fed. Cir. 2018) ..... 4

*Fernandez-Montes v. Allied Pilots Ass'n*,
987 F.2d 278 (5th Cir. 1993) ..... 4

*Gemtron Corp. v. Saint-Gobain Corp.*,
572 F.3d 1371 (Fed. Cir. 2009) ..... 4, 6

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
608 U.S. 580 (2026) ..... 4, 7

*Implicit, LLC v. NetScout Sys., Inc.*,
No. 2:18-CV-00053-JRG, 2019 WL 127115 (E.D. Tex. Jan. 8, 2019) ..... 4

*McFadin v. Gerber*,
587 F.3d 753 (5th Cir. 2009) ..... 1, 3

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010) ..... 3

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) ..... 3

*Seiferth v. Helicopteros Atuneros, Inc.*,
472 F.3d 266 (5th Cir. 2006) ..... 1, 3, 5

*Spir Star AG v. Kimich*,
310 S.W.3d 868 (Tex. 2010) ..... 3

Statutes

35 U.S.C. § 271(g) ........................................................................................................................ 6

# I. INTRODUCTION

Counterclaim-Defendant Everlight Optoelectronics Korea Co., Ltd. ("Everlight Korea") respectfully moves to dismiss with prejudice certain counterclaims asserted by Counterclaim-Plaintiff Seoul Semiconductor Co., Ltd. ("SSC"). In the face of Everlight Korea's first motion to dismiss (D.I. 36), SSC amended its complaint, but SSC's Amended Counterclaims (D.I. 42) still suffer from a fatal defect that requires dismissal of Counts 5–10 as to Everlight Korea under Rules 12(b)(2) and 12(b)(6).

Specifically, all of SSC's newly added factual allegations concerning Everlight Korea relate to its supposed relationship with third-party Samsung.[1] *E.g.*, D.I. 42 ¶¶ 9–14, 37. Counts 5–10, however, have nothing to do with Samsung—they allege patent infringement based on products associated with third parties Mouser Electronics ("Mouser") and TCL Group ("TCL"). *Id.* ¶¶ 82–146. The Amended Counterclaims do not contain a single factual allegation that Everlight Korea has any relationship with Mouser or TCL or any involvement in the products associated with those entities.

The Fifth Circuit has made clear that personal jurisdiction is a claim-specific inquiry and must be established separately for each claim. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006) ("A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim."); *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (citation omitted) (same). Because Counts 5–10 concern different products, customers, and alleged conduct than the Samsung-related Counts 1–4, SSC

[1] Everlight Korea has elected not to seek dismissal of Counts 1–4, recognizing that the Court must accept SSC's factual allegations as true at the pleading stage. Everlight Korea does not concede the sufficiency or merits of SSC's allegations concerning Samsung or Counts 1–4 and expressly reserves all defenses to those claims.

must establish that Everlight Korea has forum contacts giving rise to or relating to Counts 5–10. Having failed to allege any connection between Everlight Korea and TCL or Mouser, SSC's Counts 5–10 must be dismissed as to Everlight Korea under both Rule 12(b)(2) and Rule 12(b)(6).

## II. FACTUAL BACKGROUND

On June 15, 2026, SSC filed ten patent-infringement counterclaims naming both Everlight and Everlight Korea as Counterclaim-Defendants. D.I. 15. Because SSC failed to plead sufficient facts establishing personal jurisdiction over Everlight Korea or stating claims against Everlight Korea for direct or induced infringement, Everlight Korea moved to dismiss. D.I. 36. SSC did not oppose that motion or attempt to defend the sufficiency of its original allegations. Instead, SSC filed its Amended Counterclaims. D.I. 42. Aside from minor formatting and grammatical revisions, SSC made a limited number of substantive amendments aimed at addressing the deficiencies identified in Everlight Korea's motion. Most notably, SSC added new allegations concerning Everlight Korea's purported relationship with Samsung and its alleged involvement with Samsung products that are imported into and sold in the United States. *Id.* ¶¶ 9–14, 37.

Notably, however, SSC did not alter the basic structure of its infringement counts when amending its complaint. The Amended Counterclaims still assert ten counts. Counts 1–4 concern Everlight products allegedly incorporated into Samsung Galaxy Z Flip7 mobile phones. *Id.* ¶¶ 42–80. Counts 5–8 concern LED strip modules allegedly incorporated into TCL 75Q51K televisions. *Id*. ¶¶ 82–126. Counts 9–10 concern the EAHC2835WD3 LED package allegedly distributed by Mouser. *Id*. ¶¶ 128–46. Thus, while SSC added new factual allegations concerning Everlight Korea's alleged relationship with Samsung, it added no comparable allegations connecting Everlight Korea to TCL or Mouser or any of the products accused in Counts 5–10. SSC's only attempt to tie Everlight Korea to TCL and Mouser was to assert, in conclusory fashion, that

"Everlight and Everlight Korea, individually or jointly," infringe and induce infringement, without pleading any facts explaining what Everlight Korea supposedly did with respect to TCL or Mouser. *E.g.*, *id.* ¶¶ 82–83.

## III. Legal Standard

### A. Personal Jurisdiction Under Rule 12(b)(2)

Federal Circuit law governs whether the exercise of personal jurisdiction comports with due process. The plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction over each defendant. *Celgard, LLC v. SK Innovation Co*., 792 F.3d 1373, 1378 (Fed. Cir. 2015). Specific jurisdiction exists only where: (1) the defendant purposefully directed activities at residents of the forum; (2) the plaintiff's claims arise out of or relate to those activities; and (3) the exercise of jurisdiction is reasonable and fair. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) (citations omitted). Conclusory allegations, even if uncontroverted, need not be credited. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (citations omitted).

State law separately determines whether the forum state's long-arm statute authorizes jurisdiction. *Celgard*, 792 F.3d at 1377–78. Texas applies a "stream of commerce plus" approach, where placing a product into the stream of commerce, even with awareness that it may reach the forum, is insufficient by itself. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 873 (Tex. 2010) (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996)). The defendant must engage in "additional conduct" demonstrating "an intent or purpose to serve the market in the forum State." *Id*. (citations omitted). Specific personal jurisdiction is also claim-specific and must be established separately for claims arising from different forum contacts. *Seiferth*, 472 F.3d at 274–75 ("A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim."); *McFadin*, 587 F.3d at 759 (citation omitted) (same); *see also*

*Implicit, LLC v. NetScout Sys., Inc.*, No. 2:18-CV-00053-JRG, 2019 WL 127115, at *1 (E.D. Tex. Jan. 8, 2019).

### B. Failure to State a Claim Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient factual matter to state a plausible claim for relief; "[t]hreadbare recitals" and conclusory allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted).

Direct infringement under 35 U.S.C. § 271(a) requires facts plausibly showing that the defendant itself made, used, offered to sell, sold, or imported an accused product within the United States. *Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009).

Induced infringement under § 271(b) requires facts showing that the defendant knowingly took affirmative steps with the specific intent to encourage another's infringement. *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (citation omitted); *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 87, 594–95 (2026). Generic allegations of marketing, sales, technical support, or instructional materials, without more, are insufficient. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *4 (E.D. Tex. Aug. 14, 2015).

## IV. ARGUMENT

Counts 5–10 of SSC's Amended Counterclaims should be dismissed as to Everlight Korea under Rule 12(b)(2) or, independently, under Rule 12(b)(6). The only nonconclusory allegations SSC added in its Amended Counterclaims concern Everlight Korea's purported relationship with Samsung. SSC did not allege any facts connecting Everlight Korea to TCL, Mouser, or the products underlying Counts 5–10. Accordingly, SSC has neither established personal jurisdiction

over Everlight Korea with respect to those counts nor plausibly alleged that Everlight Korea directly or indirectly infringed the patents asserted in them.

### A. SSC Has Not Established Personal Jurisdiction Over Everlight Korea for Counts 5–10

Even assuming that SSC's new Samsung-related allegations establish sufficient forum contacts for its Samsung-based claims, those allegations do not establish personal jurisdiction over Everlight Korea for separate claims arising from TCL- or Mouser-related conduct. Specific jurisdiction requires that the particular claim "arise[] out of or relate[] to" the defendant's activities with the forum. *Celgard*, 792 F.3d at 1377–78 (citation omitted) . "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim." *Seiferth*, 472 F.3d at 274–75. SSC has failed to do so here with respect to Counts 5–10 against Everlight Korea.

Without admitting their correctness, SSC's substantive allegations concerning Everlight Korea's conduct are as follows: Everlight Korea was established to serve Samsung's camera-flash LED needs; that its technical-sales personnel support Samsung's mobile-device business; its field-application engineers work with Samsung development teams; and Everlight Korea allegedly helps customize LED assemblies for Samsung products. D.I. 42 ¶¶ 11–12. SSC then identifies AT&T stores in Beaumont and Marshall as alleged downstream sellers of Samsung products. *Id*. ¶ 13. Its final Everlight Korea-specific inducement allegation likewise states that Everlight Korea's alleged involvement extends beyond ordinary sales "[w]ith respect to Samsung in particular." *Id*. ¶ 37. None of those allegations mentions TCL, Mouser, or any product underlying Counts 5–10.

SSC's allegations regarding TCL and Mouser confirm the absence of any alleged conduct by Everlight Korea. Those allegations identify conduct only by Everlight Electronics Co., Ltd. ("Everlight Electronics") or by third parties. For example, paragraph 36 alleges that Everlight

Electronics, not Everlight Korea, provides product datasheets and technical information to Mouser, and that "Mouser Electronics distributes the Everlight EAHC2835WD3 LED package and provides Everlight product information." *Id.* ¶ 36. Nowhere does SSC allege that Everlight Korea sells products to TCL or Mouser, provides technical support to either company, participates in developing their products, controls any distribution channel through which their products reach Texas, or otherwise directs conduct involving those products toward this forum.

Simply put, there is not a single factual allegation connecting any specific Everlight Korea conduct to TCL, Mouser, or the products underlying Counts 5–10. Accordingly, Counts 5–10 must be dismissed as to Everlight Korea.

### B. SSC Fails to State Claims for Direct Infringement and Induced Infringement Against Everlight Korea

As a separate basis for dismissing Counts 5–10 against Everlight Korea, the same absence of defendant-specific facts independently requires dismissal under Rule 12(b)(6). Direct infringement under 35 U.S.C. § 271(a) requires that the defendant itself make, use, offer to sell, sell, or import the accused product within the United States. *Gemtron*, 572 F.3d at 1380. Count 10's alternative reliance on § 271(g) likewise requires a domestic act by the defendant, such as importing, selling, offering to sell, or using within the United States a product made by the patented process. 35 U.S.C. § 271(g). SSC pleads no such act by Everlight Korea involving the TCL- or Mouser-related products. In each challenged count, the most SSC does is allege that "Everlight and Everlight Korea, individually or jointly," infringe by "making, using, offering to sell, selling, and/or importing" certain light-emitting products. *E.g.*, D.I. 42 ¶¶ 82, 94, 104, 116, 128, 138. That language merely recites the statutory elements and does not identify any act by Everlight Korea, where that act allegedly occurred, or how it related to the accused TCL or Mouser products.

The surrounding allegations confirm that omission. SSC does not allege that Everlight Korea made or supplied the LED strip modules found in the TCL 75Q51K; sold any component to TCL; helped design or develop the TCL television; or imported, sold, offered to sell, or used that product in the United States. Nor does SSC allege that Everlight Korea manufactured or supplied the EAHC2835WD3 package sold by Mouser, entered into any relationship with Mouser, or participated in Mouser's U.S. sales. To the contrary, SSC expressly attributes to Everlight Electronics, not Everlight Korea**,** the provision of product information to Mouser. *Id.* ¶ 36. And Counts 9 and 10 identify Mouser itself as the entity selling the product in the United States. *Id.* ¶¶ 129, 138.

SSC's induced-infringement allegations fare no better. Section 271(b) requires facts showing that the defendant knowingly took "active steps" to encourage another's infringement. *Hikma Pharms.*, 608 U.S. at 587, 594– 95 . Whether affirmative or passive, SSC alleges no conduct at all by Everlight Korea with respect to TCL, Mouser, or the products at issue in Counts 5–10. Each count merely incorporates Paragraphs 26–37 and alleges that Everlight and Everlight Korea induced infringement through their continued "marketing, support, and sale" of the accused products. D.I. 42 ¶¶ 83, 95, 105, 117, 129, 139. Those allegations are likewise conclusory and do not identify anything Everlight Korea itself said or did to encourage the alleged infringement.

Accordingly, SSC has failed to state a plausible claim for either direct or induced infringement against Everlight Korea as to Counts 5–10, and those counts should be dismissed under Rule 12(b)(6).

### C. Further Leave to Amend Should Be Denied

SSC has already had a full and informed opportunity to cure these deficiencies. Everlight Korea's first motion specifically explained that SSC had failed to allege any domestic act of direct infringement by Everlight Korea, any affirmative act by Everlight Korea encouraging

infringement, or any forum-directed conduct by Everlight Korea relating to the asserted claims. D.I. 36 at 9–12. SSC did not oppose that motion or attempt to defend the sufficiency of its original allegations. Instead, it amended as a matter of course. SSC's Amended Counterclaims demonstrate that it understood the deficiencies and knew how to add defendant-specific facts where it had a basis to do so. SSC added detailed allegations concerning Everlight Korea's purported relationship with Samsung, including alleged technical-sales support, work with Samsung development teams, product customization, and downstream distribution. D.I. 42 ¶¶ 9–14, 37. Yet SSC added no comparable allegations concerning TCL or Mouser. Having already been given notice of these precise deficiencies and an opportunity to cure them, SSC should not receive another opportunity to amend its pleadings to supply facts it failed to allege when expressly confronted with the issue.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Counts 5–10 as to Everlight Korea with prejudice and without further leave to amend.

Dated: September 17, 2026

*/s/ Michael P. Sandonato by permission Garrett C. Parish*

Michael P. Sandonato
New York Bar No. 2532646
LEAD ATTORNEY
Jonathan L. Ko
California Bar No. 321827
VENABLE LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Philip T. Sheng
California Bar No. 278422
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750

Facsimile: (415) 653-3755

Parker G. Zimmerman
New York Bar No. 6017784
VENABLE LLP
151 W 42nd Street, 49th Floor
New York, NY 10036
Telephone: (212) 307-5500
Facsimile: (212) 307-5598

Of Counsel:
Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
Miller Fair Henry PLLC
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Counterclaim Defendants Everlight Electronics Co., LTD. and Everlight Optoelectronics Korea Co., LTD.*