**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EVERLIGHT ELECTRONICS CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD.,<br><br>Defendant | ) | **Civil Action No. 2:26-cv-00119**<br><br>**JURY TRIAL DEMANDED** |
| SEOUL SEMICONDUCTOR CO., LTD.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>EVERLIGHT ELECTRONICS CO., LTD., AND EVERLIGHT OPTOELECTRONICS KOREA CO., LTD.<br><br>Counterclaim-Defendants. | ) | |

**DEFENDANT/COUNTERCLAIM-PLAINTIFF SEOUL SEMICONDUCTOR CO., LTD.'S MOTION TO STAY EVERLIGHT ELECTRONICS CO., LTD.'S PATENT INFRINGEMENT CLAIMS PENDING *EX PARTE* REEXAMINATION**

# TABLE OF CONTENTS

Page


I. **INTRODUCTION** .......... 1

II. **NATURE AND STAGE OF THE PROCEEDINGS** .......... 2

III. **LEGAL STANDARD** .......... 3

IV. **ARGUMENT** .......... 3

- A. **A Stay Will Not Unduly Prejudice Everlight** .......... 4
- B. **The Reexamination Is Likely to Simplify this Case** .......... 5
- C. **The Early Stage of the Case Favors a Stay** .......... 7
- D. **The Underdeveloped Nature of Everlight's Infringement Claims Reinforces the Efficiency Benefit of a Stay** .......... 8
- E. **The Existence of Seoul Semiconductor's Counterclaims Should Not Alter the Court's Exercise of Discretion** .......... 11

V. **CONCLUSION** .......... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Communication Techs., Inc. v. Samsung Elec. Am., Inc.*,
No. 2:21-CV-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023) ....13

*Content Guard Holdings, Inc. v. Amazon.com, Inc.*,
No. 2:13-cv-1112-JRG, 2015 WL 1263346 (E.D. Tex. Mar. 19, 2015)....18

*Datatreasury Corp. v. Wells Fargo & Co.*,
490 F. Supp. 2d 749 (E.D. Tex. 2006)....9

*ExitExchange Corp. v. FriendFinder Networks, Inc.*,
No. CV 2:13-396-JRG, 2014 WL 12600836 (E.D. Tex. Mar. 31, 2014) ....8

*Foras Technologies Ltd. v. Aptiv PLC*,
No. 2:23-CV-00314-JRG, 2024 WL 5348631 (E.D. Tex. Jul. 25, 2024)....9

*Garrity Power Services LLC v. Samsung Elec. Co. Ltd.*,
2:20-CV-00269-JRG, 2021 WL 12311073 (E.D. Tex., Dec. 10, 2021)....9,10

*Gesture Technology Partners, LLC v. Huawei Device Co., Ltd.*,
No. 2:21-CV-00040-JRG, 2022 WL 22883301 (E.D. Tex. Jan. 19, 2022) ....13

*Intellectual Ventures II LLC v. BITCO General Insurance Corp.*,
No. 6:15-cv-0060-JRG, 2018 WL 9596640 (E.D. Tex. Jun. 21, 2018)....18

*Joy Tech., Inc. v. Flakt, Inc.*,
6 F.3d 770 (Fed. Cir. 1993)....14

*Kearns v. Chrysler Corp.*,
32 F.3d 1541 (Fed. Cir. 1994)....10

*Memsmart Semiconductor Corp. v. AAC Technologies Pte. Ltd.*,
No. 2:14-CV-1107-JRG, 2015 WL 10936046 (E.D. Tex. Jul. 13, 2015)....13

*NTP, Inc. v. Research In Motion, Ltd.*,
418 F.3d 1282 (Fed. Cir. 2005)....14

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) (*en banc*) ....12

*Polaris Powerled Techs., LLC v. Samsung Electronics Am., Inc.*,
No. 2:22-CV-00305-JRG, 2024 WL 1149223 (E.D. Tex. Mar. 15, 2024)....11

*Portal Techs. LLC v. Yahoo! Inc.*,
No. 2:11-CV-440-JRG, 2013 WL 7760960 (E.D. Tex. Jan. 3, 2013) ....................................9

*Realtime Data LLC v. Actian Corp.*,
No. 6:15-CV-463, 2016 WL 3277259 (E.D. Tex. June 14, 2016) .........................................9

*Saint Lawrence Communications LLC v. ZTE Corp.*,
No. 2:15-CV-349-JRG, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) ................................11

*Soverain Software LLC v. Amazon.com, Inc.*,
356 F. Supp. 2d 660 (E.D. Tex. 2005)............................................................................ *passim*

*Uniloc USA, Inc., v. Avaya Inc.*,
No. 6:15-CV-01168-JRG, 2017 WL 2882725 (E.D. Tex. Apr. 19, 2017) .....................9,13,14

*Veraseal LLC v. Wal-Mart Stores, Inc.*,
No. 2:17-CV-00527-JRG, 2018 WL 2183235 (E.D. Tex. May 11, 2018) ..........................8,11

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)..........................................................................................10

**Federal Statutes**

35 U.S.C. § 154.................................................................................................................8,10

35 U.S.C. § 271(g) .........................................................................................................7,14,15

**Regulations**

37 C.F.R. § 1.530 ..................................................................................................................11

Defendant/Counterclaim-Plaintiff Seoul Semiconductor Co., Ltd. ("Seoul Semiconductor") respectfully moves the Court to stay Everlight Electronics Co., Ltd.'s ("Everlight") patent infringement claims pending completion of the United States Patent and Trademark Office's *ex parte* reexamination of U.S. Patent No. 7,554,126 ("the '126 patent").

## I. INTRODUCTION

Everlight's claims are limited to a single independent method claim and two dependent claims from the expired '126 patent. Within weeks of being served, Seoul Semiconductor filed a Request for Reexamination on May 15, 2026. Because the request was filed even before Seoul Semiconductor received Everlight's preliminary infringement contentions, the asserted claims among others were challenged. The Patent Office recently granted that request on August 10, 2026, with the Office concluding that a substantial new question of patentability was raised for all three asserted claims.

A stay at this early stage of the litigation will likely conserve the resources of the parties and the Court. And while the mere fact that a pending reexamination exists does not create a *per se* rule requiring a stay, the situation here differs from the ordinary. The most significant difference is that the asserted patent here has expired. Thus, even if the parties were deemed direct competitors, no equitable relief would be available to Everlight. The expiration also precludes amendment to the claims to address the issues raised in the reexamination, significantly diminishing the likelihood that all asserted claims will survive.

In addition, even if any of the asserted claims emerge from reexamination <u>and</u> Everlight can show that the accused light emitting diodes were in fact made by the claimed process, additional factors specific to this case substantially limit the likelihood and potential scope of Everlight's recovery. As Everlight concedes in its Complaint, Seoul Semiconductor is a South

Korean entity. Although Everlight makes vague allegations that Seoul Semiconductor practices the asserted method claims in the United States, the sole pleaded act of infringement alleged refers to the headlights of the Chevy Trax SUV. Everlight claims that the headlamps used by Chevrolet include light emitting diode chips that were manufactured using the claimed method. Everlight does not assert that Seoul Semiconductor made, used, sold, offered for sale, or imported the Trax. Instead, Everlight's Complaint appears to rest solely on the theory that Seoul Semiconductor is liable as a direct infringer under 35 U.S.C. § 271(g) for Chevrolet's sale or importation. Simply put, should Seoul Semiconductor ultimately prevail in the reexamination, neither Seoul Semiconductor nor this Court will be called upon to untangle the logic underlying this direct-infringement claim.

Therefore, Seoul requests that this Court sever Everlight's claims concerning the '126 Patent, stay those claims pending completion of reexamination, and permit Seoul Semiconductor's independent patent-infringement counterclaims to proceed under the existing schedule.

## II. NATURE AND STAGE OF THE PROCEEDINGS

Everlight filed this action on February 13, 2026, alleging infringement of "one or more method claims of the '126 Patent including, but not limited to, claim 9." (Dkt. 1.) Following international service of the Complaint through the Hague, Seoul Semiconductor filed an Answer on June 15, 2026, which included Counterclaims alleging infringement of ten patents. (Dkt. 15.) The scheduling conference was held on July 20, 2026, during which the Court set the Markman hearing for September 29, 2027, and trial for March 6, 2028. Dkt. 28. To date, Everlight has served fifteen interrogatories, and Seoul Semiconductor has served nine. No depositions have been noticed. And the parties' productions have been largely limited to the disclosures mandated by the local patent rules.

The ’126 patent has an effective filing date of September 22, 2005 (Dkt. 1-1), which based on a 20-year term, would result in an expiration date of September 22, 2025. 35 U.S.C. § 154(a)(2). Due to delays during prosecution, a 291-day Patent Term Adjustment under 35 U.S.C. § 154(b) extended the term to July 10, 2026. (Dkt. 1-1).

On May 15, 2026, Seoul Semiconductor filed a request for ex parte reexamination of claims 9-13 of the ’126 Patent, which was assigned Application No. 90/016,289. On August 10, 2026, the Patent Office granted the request, finding a substantial new question of patentability affecting claims 9-13. (Eisenberg Decl. Ex. 1.)

## III. LEGAL STANDARD

“[A] district court has the inherent power to control its own docket, including the power to stay proceedings.” *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). And “[i]n deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set.” *Id.*; *see also Veraseal LLC v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00527-JRG, 2018 WL 2183235, at *2 (E.D. Tex. May 11, 2018). Whether to stay is based on “the unique facts at issue in [each] case.” *ExitExchange Corp. v. FriendFinder Networks, Inc.*, No. CV 2:13-396-JRG, 2014 WL 12600836, at *2 (E.D. Tex. Mar. 31, 2014).

## IV. ARGUMENT

Any defendant in a patent infringement case having filed a request for reexamination could identify theoretical benefits from a stay. *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006) (citing cases identifying seven distinct benefits). And similarly, any

plaintiff in a patent case could reflexively point to the right to timely enforcement. *Portal Techs. LLC v. Yahoo! Inc.*, No. 2:11-CV-440-JRG, 2013 WL 7760960, at *1 (E.D. Tex. Jan. 3, 2013). Neither creates a *per se* rule requiring the grant or denial of a stay. *Realtime Data v. Actian Corp.*, No. 6:15-CV-463, 2016 WL 3277259, at *1 (E.D. Tex. June 14, 2016). Here, the nature and timing of Everlight's claims, rather than the mere fact that a reexamination was granted, militate in favor of a stay.

### A. A Stay Will Not Unduly Prejudice Everlight

The first *Soverain* factor considers whether a stay would "unduly prejudice or present a clear tactical disadvantage to the nonmoving party." 356 F. Supp. 2d at 662. Prejudice in this context generally refers to a plaintiff's interest in timely enforcement of its rights. *See Garrity Power Servs. LLC v. Samsung Elec. Co. Ltd.*, No. 2:20-CV-00269-JRG, 2021 WL 12311073, at *2 (E.D. Tex. Dec. 10, 2021). But that factor "is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2017 WL 2882725, at *2 (E.D. Tex. Apr. 19, 2017) (citation and internal quotation marks omitted). And the potential for such prejudice was minimized here because Seoul Semiconductor acted "with reasonable dispatch," *Foras Techs. Ltd. v. Aptiv PLC*, No. 2:23-CV-00314-JRG, 2024 WL 5348631, at *2 (E.D. Tex. Jul. 25, 2024), filing for reexamination on May 15, 2026, just three months after Everlight filed suit, which was before Seoul Semiconductor filed an answer to the complaint.

Moreover, a plaintiff's own delay before filing suit may indicate a lack of prejudice. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). And although this Court has explained that a one-year delay before filing suit may be insufficient to "lessen[ ] the prejudice" of a stay pending reexamination (*Garrity Power*, 2021 WL 12311073, at *2), the delay here was more extreme. Everlight's delay continued nearly until the expiration of the

asserted patent. Indeed, but for the Patent Term Adjustment of 291 days under 35 U.S.C. § 154(b), this lawsuit would have started significantly after the ’126 patent’s expiration. Any purported prejudice to Everlight from having to wait for final resolution of its infringement claims, therefore, is substantially undermined by its own delay.

More fundamentally, by waiting until just before the ’126 Patent’s expiration, Everlight itself minimized any cognizable prejudice from a stay. A stay cannot deprive Everlight of prospective exclusionary relief because that remedy is no longer available. *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) (injunctive relief is unavailable after patent expiration). Nor would a stay allow Seoul Semiconductor to continue the allegedly infringing conduct during the reexamination: the patent has expired, and therefore, there can be no post-expiration infringement. Everlight’s remaining interest is therefore retrospective, and its ability to recover monetary damages and potentially pre-judgment interest for any actual pre-expiration infringement would outlast the reexamination. Thus, unlike a case involving an unexpired patent and alleged ongoing infringement, a stay here cannot cause Everlight to suffer continuing infringement, loss of exclusivity, or delay in obtaining an injunction. The only possible prejudice is delay in pursuing monetary relief, which the Court should deem insufficient, standing alone, to outweigh the substantial efficiencies in staying that portion of the case until the reexamination is concluded.

### B. The Reexamination Is Likely to Simplify this Case

The second *Soverain* factor is the potential to “simplify the issues in question and trial of the case.” *Soverain*, 356 F. Supp. 2d at 662. This is not a case in which some asserted patents or claims are beyond the scope of the Patent Office’s review. *See, e.g.*, *Polaris Powerled Techs., LLC v. Samsung Elec. Am., Inc.*, No. 2:22-CV-00305-JRG, 2024 WL 1149223, at *5-6 (E.D. Tex. Mar. 15, 2024); *Saint Lawrence Commc’ns LLC v. ZTE Corp.*, No. 2:15-CV-349-JRG, 2017 WL

3396399, at *2 (E.D. Tex. Jan. 17, 2017). Here, Everlight has asserted only a single independent claim and two dependent claims, all of which are subject to the granted request for reexamination. (Eisenberg Decl. Ex. 1 at 2.) And given the conventional nature of the additional recitations of the dependent claims, it appears likely that all three claims will stand or fall together.

The expiration of the ’126 patent further strengthens the grounds for a stay. Under 37 C.F.R. § 1.530, claims of an expired patent cannot be amended during *ex parte* reexamination. 37 C.F.R. § 1.530(j) (“No amendment may be proposed for entry in an expired patent.”). Thus, amendment will be unavailable to overcome the prior art. *Veraseal*, 2018 WL 2183235, at *2. The likelihood of simplification through cancellation, therefore, is heightened relative to the ordinary-course reexamination of an unexpired patent. *Id.*

In its most recent “*Ex Parte* Reexamination Filing Data-September 20, 2025” (Eisenberg Decl. Ex. 2 (available at https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf)) the U.S. Patent Office statistics show that for reexaminations filed by third parties, 61% result in amended claims, 16.1% with all claims canceled, and 22.9% with all claims confirmed. These figures show that the most common outcome available to a patent owner facing a rejection during reexamination is to amend the claims. That option, however, is categorically unavailable to Everlight. Absent the ability to amend, cancellation would necessarily present a significantly more likely outcome.

In addition, the reexamination proceeding itself will likely simplify at least the claim construction process. The patent application that issued as the ’126 patent was granted via a First Office Action Allowance. While there is nothing improper in that history, the lack of any meaningful prosecution takes away one of the pillars of proper claim-construction analysis. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (*en banc*) (“Like the specification,

the prosecution history provides evidence of how the PTO and the inventor understood the patent.”). Everlight will almost certainly be required to address the scope and meaning of its claims relative to the prior art, and thus, even if the claims emerge from the Patent Office, that record will help both the parties and the Court properly construe the claims. Because the expired patent cannot be amended, Everlight will have to rely on argument alone to distinguish the prior art – narrowing or characterizing its claim terms to draw that distinction. Any such statement becomes part of the intrinsic record — evidence this Court and the parties will need for claim construction.

To the extent that Everlight asserts that simplification will not result because Seoul Semiconductor will file additional *ex parte* reexamination requests, that objection can be obviated by stipulation – should the Court grant this request for a stay, Seoul Semiconductor will stipulate that neither Seoul Semiconductor nor any person or entity under its control shall file any additional *ex parte* reexamination requests directed to the claims of the ’126 patent that are currently asserted in this action. And even if a third party were to independently file for reexamination, Seoul Semiconductor would agree not to seek a stay based on that additional filing so long as this request to stay is granted.

Finally, Seoul Semiconductor acknowledges this Court’s decisions distinguishing between the grant of a reexamination request and the issuance of an Office Action actually rejecting claims. *Gesture Tech. Partners, LLC v. Huawei Device Co., Ltd.*, No. 2:21-CV-00040-JRG, 2022 WL 22883301, at *3 (E.D. Tex. Jan. 19, 2022). That situation should be resolved by the time this motion is heard, and Seoul Semiconductor will update the Court as soon as that status changes. A delay to permit the Patent Office to issue an Office Action would negatively impact the final *Soverain* factor, and therefore, Seoul Semiconductor chose expediency.

### C. The Early Stage of the Case Favors a Stay

The final *Soverain* factor asks how far the litigation has progressed, including the status of

discovery, claim construction, dispositive motions, and whether trial has been scheduled. *Soverain*, 356 F. Supp. 2d at 662; *Commc'n Techs., Inc. v. Samsung Elec. Am., Inc.*, No. 2:21-CV-00444-JRG, 2023 WL 1478447, at *3 (E.D. Tex. Feb. 2, 2023). This factor looks at the case status as of the time the motion to stay was filed. *Uniloc USA*, 2017 WL 2882725, at *2 (citing *VirtualAgility*, 759 F.3d at 1316).

As of the filing of this motion, discovery has barely begun. Each side has served some interrogatories. Document production has been limited to the mandatory patent-rule disclosures. And the start of claim construction exchanges remains more than 8 months away, with expert discovery and a potential trial in the distant future. The relatively early stage of this litigation supports a stay. *Memsmart Semi. Corp. v. AAC Techs. Pte. Ltd.*, No. 2:14-CV-1107-JRG, 2015 WL 10936046, at *2 (E.D. Tex. Jul. 13, 2015). Indeed, in *Uniloc USA*, this Court granted a stay despite the case "nearing the end of fact discovery" and the recent filing of a "joint claim construction statement." 2017 WL 2882725, at *2. The Court balanced that relatively later stage against its the "likely [fact] that the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *Id.* (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015)). That characterization applies far more strongly here, where litigation is in its earliest stages.

### D. The Underdeveloped Nature of Everlight's Infringement Claims Reinforces the Efficiency Benefit of a Stay

Everlight's present infringement theory further confirms that substantial potentially unnecessary discovery remains ahead. Although Everlight's contentions identify al LED component allegedly incorporated into a Chevrolet Trax, Everlight has not yet identified evidence establishing that Seoul Semiconductor itself performed an act within the scope of § 271(g) in the United States. Thus, before the parties undertake extensive and expensive discovery concerning

the manufacture, distribution and sale of downstream products, the Patent Office may resolve whether the asserted claims survive at all.

As conceded in the Complaint, Seoul Semiconductor "is a corporation organized and existing under the laws of the Republic of Korea." (Dkt. 1 at ¶3.) Everlight further contends that "[Seoul Semiconductor], directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the '126 Patent, as described herein." (*Id.* at ¶6.) Everlight's decision to assert only method claims significantly narrows the scope of potential liability. In particular, "a method or process claim is directly infringed only when the process is performed." *Joy Tech., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773-74 (Fed. Cir. 1993). And relatedly, "a process cannot be used 'within' the United States as required by section 271(a) *unless each of the steps is performed within this country*." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) (emphasis added).

In a tacit acknowledgment of the limited reach of its theory, Everlight references infringement under 35 U.S.C. § 271(g). (Dkt. 1 at ¶13.) But that narrow statute applies only to those who "import into the United States or offer to sell, sell, or use within the United States a product which is made by a process patented." 35 U.S.C. § 271(g). The sole product analyzed by Everlight in either its Complaint or its preliminary infringement contentions was "a Chevy Trax vehicle [that] incorporates in it GM Headlamp Part No. 42928409 a WICOP HF Series SWW0CS10A module, which includes a semiconductor light-emitting element." An image of the Trax sport utility vehicle accessed from Chevrolet's website is provided at right.



https://www.chevrolet.com/suvs/trax (accessed Sept. 15, 2026). Images depicting Everlight's purported teardown of an example headlamp from a Trax SUV are provided below from Everlight's preliminary infringement contentions:




And this example window sticker for a Chevy Trax confirms that those vehicles are assembled in South Korea.




https://www.chevrolet.com/shopping/inventory/vehicle/Trax/2026 (accessed Sept. 15, 2026).

Everlight provides no legal or logical justification for imposing liability on Seoul Semiconductor for a third party's importation, sale, offer for sale, or use of an automobile that contains a headlamp, that in turn incorporates a packaged LED, that was purportedly manufactured in part using the process recited in claim 9 of the '126 patent. When asked to explain its reasoning, Everlight responded as follows:

> Section 271(g) does not require Seoul Semiconductor to have been the customs "importer of record" for the Chevy Trax automobile. Rather, § 271(g) imposes liability on a party that, without authority, imports into the United States, or offers to sell, sells, or uses within the United States, a product made by a patented process. ***If*** Seoul Semiconductor imported, sold, offered for sale, or used within the United States an accused WICOP product made by the patented process, as is plausibly pleaded in Everlight's complaint, § 271(g) applies. Your suggestion that Seoul Semiconductor, an LED manufacturer, must itself import entire automobiles into the United States to face liability under § 271(g) lacks common sense.

Letter of Sept. 14, 2026, from Philip T. Sheng to Michael Eisenberg (emphasis added). The use of the word "***If***" to start the underlined sentence above confirms that Everlight's claims as currently pleaded are largely hypothetical. That Everlight is seemingly seeking evidence of even a single act of infringement for which Seoul Semiconductor could possibly be found legally responsible confirms that a stay on the current record would not prejudice or disadvantage Everlight. Instead, a stay could provide Everlight additional time to assess whether a cognizable claim exists.

### E. The Existence of Seoul Semiconductor's Counterclaims Should Not Alter the Court's Exercise of Discretion

Everlight may argue that Seoul Semiconductor should not be permitted to obtain a stay of Everlight's infringement claims while continuing to prosecute its own patent-infringement counterclaims. But that argument overlooks the reason a stay is warranted. Seoul Semiconductor does not seek a stay merely because it would prefer to defer Everlight's claims while pursuing its own. Rather, a Patent Office proceeding is presently reconsidering the patentability of every claim that Everlight has asserted in this action.

That distinction matters under the *Soverain* factors. Staying Seoul Semiconductor's counterclaims would produce none of the efficiencies supporting a stay of Everlight's claims: no Patent Office proceeding threatens to cancel the claims asserted by Seoul Semiconductor, no administrative record is being developed that may simplify their construction, and adjudication of those claims will not be rendered unnecessary by the pending reexamination. By contrast, continued litigation of Everlight's claims would require the parties and the Court to expend resources on discovery, claim construction, expert proceedings, and potentially dispositive motions concerning claims that the Patent Office may cancel—and, because the '126 Patent has expired, cannot be amended during reexamination.

The "court has broad discretion to sever and stay actions." *Monterey Research, LLC v. Renesas Elec. Corp.*, No. 2:24-CV-00238-JRG, 2025 WL 611046, at *1 (E.D. Tex. Feb. 24, 2025) (citing cases); *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 1263346, at *2 (E.D. Tex. Mar. 19, 2015). Indeed, the Court has permitted severance so that a single patent claim could proceed in a separate litigation. *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-cv-0060-JRG, 2018 WL 9596640, at *3 (E.D. Tex. June 21, 2018). Thus, whether to stay Everlight's claims should turn on the Court's discretionary assessment of the *Soverain* factors to Everlight's claims.

Accordingly, the existence of Seoul Semiconductor's counterclaims does not alter the simplification or efficiency that would result from staying Everlight's claims. The appropriate course is to sever Everlight's claims concerning the '126 Patent, stay those claims pending completion of reexamination, and leave Seoul Semiconductor's independent patent-infringement claims unaffected and proceeding under the existing schedule.

## V. CONCLUSION

For the foregoing reasons, Seoul Semiconductor respectfully requests that the Court sever and stay Everlight's patent infringement claims pending completion of the *ex parte* reexamination of U.S. Patent No. 7,554,126 while Seoul Semiconductor's infringement counterclaims remain severed from the stayed claims and continue to proceed under the current schedule.

Dated: September 18, 2026

/s/ *Michael Eisenberg*
Michael Eisenberg
STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
(212) 319-8500
michael.eisenberg@stevenslee.com

Melissa Richards Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450
melissa@gillamsmithlaw.com

Jennifer L Jonak
JONAK LAW GROUP PC - Creswell
85100 Cloverdale Road
Creswell, OR 97426
(541) 525-9102
jenny@jonak.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and CV-7(i), the undersigned certifies that counsel for the parties personally conducted a conference by telephone on September 14, 2026, in a good-faith effort to resolve the matters presented in this Motion without Court intervention. The conference ended conclusively in an impasse because Everlight opposes the requested severance and stay.

/s/ *Michael Eisenberg*
Michael Eisenberg

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send notice of filing to all counsel of record who are registered CM/ECF users.

/s/ *Michael Eisenberg*
Michael Eisenberg