**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EVERLIGHT ELECTRONICS CO., LTD., | ) | |
| | ) | Civil Action No. 2:26-CV-00119 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| SEOUL SEMICONDUCTOR CO., LTD., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| SEOUL SEMICONDUCTOR CO., LTD., | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EVERLIGHT ELECTRONICS CO., LTD., EVERLIGHT OPTOELECTRONICS KOREA CO., LTD. | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |

**PLAINTIFF EVERLIGHT ELECTRONICS CO., LTD.'S**
**MOTION TO COMPEL**

# TABLE OF CONTENTS

Page


I. INTRODUCTION ....... 1

II. STATEMENT OF FACTS ....... 2

III. LEGAL STANDARD ....... 3

IV. ARGUMENT ....... 3

A. Everlight's Infringement Contentions Properly Identified All Accused WICOP Modules and Explained Their Representativeness ....... 3

B. The Requested Discovery Is Directly Relevant to Everlight's Claims ....... 5

C. SSC Cannot Withhold Discovery Based on Its Disagreement with Everlight's Infringement Contentions or Discovery Objections ....... 6

V. CONCLUSION ....... 7

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, No. 2:05-cv-163,
2007 WL 2580969 (E.D. Tex. Aug. 27, 2007) ....................3

*Greenthread, LLC v. OmniVision Techs., Inc.,* No. 2:23-cv-00212-JRG,
Dkt. No. 109 (E.D. Tex. Apr. 23, 2024) ....................4

*Honeywell Int'l Inc. v. Acer Am. Corp.,*
655 F. Supp. 2d 650 (E.D. Tex. 2009) ....................3

*Lopez v. Don Herring Ltd.,*
327 F.R.D. 567 (N.D. Tex. 2018) ....................7

*Mobile Telecomms. Techs., LLC v. Sprint Nextel Corp.,* No. 2:12-cv-832-JRG-RSP,
Dkt. No. 152 (E.D. Tex. Apr. 25, 2014) ....................3

*MOSAID Techs. Inc. v. Micron Tech., Inc.,* No. 2:06-cv-302 (DF),
2008 WL 11344767 (E.D. Tex. Jan. 29, 2008) ....................1

*RightQuestion, LLC v. Samsung Elecs. Co.,* No. 2:21-cv-00238-JRG,
Dkt. No. 74 (E.D. Tex. Apr. 14, 2022) ....................1, 3, 4, 7

*Scott Env't Servs. v. Newfield Expl. Co.,* No. 2:19-cv-00026-JRG-RSP,
2019 WL 13149925 (E.D. Tex. Dec. 16, 2019) ....................7

*TiVo Inc. v. Samsung Elecs. Co.,* No. 2:15-cv-1503-JRG,
2016 WL 5172008 (E.D. Tex. July 22, 2016) ....................4, 7

*Uniloc 2017 LLC v. Google LLC,* No. 2:18-cv-00491-JRG-RSP,
Dkt. No. 220 (E.D. Tex. Mar. 27, 2020) ....................3, 5, 7

*Universal Connectivity Techs. Inc. v. Lenovo Group Ltd.,* No. 2:23-cv-00449-JRG,
2025 WL 1144734 (E.D. Tex. Apr. 15, 2025) ....................5

## I. INTRODUCTION

Everlight Electronics Co., Ltd. ("Everlight") moves to compel Seoul Semiconductor Co., Ltd. ("SSC") to produce discovery concerning LED products expressly accused in Everlight's infringement contentions but for which SSC refuses to provide any discovery.

Specifically, Everlight charted SSC's SWW0CS10A WICOP LED module and identified 37 other modules in the same WICOP family for which the SWW0CS10A is representative. Dkt. 50-2 at 7. Everlight explained that, based on SSC's publicly available technical materials, the additional modules share the same underlying WICOP technology and differ only in characteristics such as color, size, and electrical power, rather than features relevant to the asserted patent claims. *Id*. Accordingly, "the infringement analysis is materially the same for each identified module." *Id*.

However, SSC refuses to provide discovery concerning any of the 37 additional WICOP modules because Everlight did not separately chart each one of them. SSC's position is contrary to the law of this District, which permits a plaintiff to rely on a representative claim chart for multiple accused products where it identifies the products and provides a reasoned explanation of why the charted product is representative. *See MOSAID Techs. Inc. v. Micron Tech., Inc.*, No. 2:06-cv-302 (DF), 2008 WL 11344767, at *6–7 (E.D. Tex. Jan. 29, 2008); *RightQuestion, LLC v. Samsung Elecs. Co.*, No. 2:21-cv-00238-JRG, Dkt. 74 at 1–2 (E.D. Tex. Apr. 14, 2022).

Everlight cited this case law and raised this issue with SSC multiple times, and it conducted a meet and confer with lead and local counsel on November 2, 2026. SSC refuses to change its position, and the parties are at an impasse. Everlight therefore respectfully requests that the Court reject SSC's categorical refusal to provide discovery on the 37 additional WICOP modules on the basis that Everlight did not separately chart them, and order SSC to supplement its interrogatory responses and produce responsive documents encompassing those modules within fourteen days.

## II. STATEMENT OF FACTS

Everlight filed its Complaint on February 13, 2026, accusing "light emitting products such as the WICOP HF Series modules, including but not limited to the SWW0CS10A module," of infringing U.S. Patent No. 7,554,126. Dkt. 1 at 4. On July 6, 2026, Everlight served its infringement contentions asserting claims 9, 12, and 13. Dkt. 50-2 at 2. Those contentions included a claim chart for the SWW0CS10A WICOP LED module and expressly identified 37 other WICOP modules in the same product family for which the SWW0CS10A module is representative. *Id.* at 7.

To support its claim of representativeness, Everlight explained that its "investigation based on publicly available information indicates that the accused WICOP modules do not materially differ with respect to the features relevant to the asserted claims." *Id.* Everlight cited SSC's published datasheets and technical materials describing the modules as sharing the same technology. *Id.* Everlight also cited SSC's website, which identifies differences among the modules to be limited to characteristics such as "color, size, and electrical power, rather than differences material to the accused technology." *Id.* Accordingly, "the infringement analysis is materially the same for each identified module." *Id.*

On August 12, 2026, Everlight served interrogatories seeking technical and financial information concerning the accused WICOP modules. *See, e.g.*, Ex. A at 7, 13 (Interrogatory Nos. 2 and 6). On September 16, 2026, SSC served responses refusing to provide any substantive information. *See, e.g.*, *id.* at 13–14. After Everlight served a discovery dispute letter, SSC agreed to amend its responses. Ex. B. However, SSC's amended responses maintained SSC's categorical refusal to provide discovery concerning any of the 37 additional WICOP modules. Ex. C at 2–3.

On September 17, 2026, Everlight identified categories of documents it expected SSC to

produce under the Court's Discovery Order, for which SSC refused to comply with respect to any of the 37 WICOP modules. Ex. D at 8 (Categories 40–42). Because of SSC's refusal to produce documents that would allow Everlight to determine on its own, Everlight served an additional interrogatory asking SSC to identify technical differences between the SWW0CS10A module and the uncharted WICOP modules concerning their semiconductor layers, electrodes, insulating layers, and the processes used to form those structures. Ex. E at 4 (Interrogatory No. 15). SSC refused to answer with respect to any product except the SWW0CS10A module. *Id.* at 5–6.

## III. LEGAL STANDARD

In patent cases, discovery extends to products "reasonably similar" to the accused products where the plaintiff provides notice of a specific infringement theory, demonstrates similarity, and acts diligently in seeking discovery. *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, No. 2:05-cv-163, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007); *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 657–58 (E.D. Tex. 2009). A plaintiff may rely on a representative claim chart for multiple accused products where it identifies the additional products and provides a reasoned explanation why the charted product is representative. *See Mobile Telecomms. Techs., LLC v. Sprint Nextel Corp.*, No. 2:12-cv-832-JRG-RSP, Dkt. 152 at 3 (E.D. Tex. Apr. 25, 2014); *RightQuestion*, Dkt. 74 at 1–2. At a minimum, the plaintiff must exercise reasonable diligence in using publicly available information to explain how its infringement theory as to the representative product applies to the uncharted products. *See Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00491-JRG-RSP, Dkt. 220 at 2 (E.D. Tex. Mar. 27, 2020).

## IV. ARGUMENT

### A. Everlight's Infringement Contentions Properly Identified All Accused WICOP Modules and Explained Their Representativeness

There is no ambiguity about which products Everlight accused. Everlight's infringement

contentions expressly identified 38 WICOP modules by model number, provided a claim chart for the SWW0CS10A module, and explained why the SWW0CS10A module is representative of the other modules in the same product family based on SSC's publicly available information. Dkt. 50-2 at 7. This Court has repeatedly approved representative charting under these circumstances.

For example, in *RightQuestion*, the plaintiff identified more than 100 uncharted products and explained why its charted products were representative. The Court found that the plaintiff had "communicated the products it believes are representative for the purposes of infringement and the rationale for its belief," which provided adequate notice of its contentions for each product. *RightQuestion*, Dkt. 74 at 1–2. Similarly, in *TiVo Inc. v. Samsung Elecs. Co.*, the Court held that identifying specific products within the Samsung Galaxy product families in addition to explaining representativeness based on publicly available information sufficiently placed Samsung on notice that those families were accused, permitting discovery concerning additional products reasonably encompassed within those families. No. 2:15-cv-1503-JRG, 2016 WL 5172008, at *3–5 (E.D. Tex. July 22, 2016). The Court distinguished products outside the identified families, which were not adequately disclosed through generic "same or similar functionality" language. *Id.*

The Court's decision in *Greenthread, LLC v. OmniVision Techs., Inc.* is also instructive. There, the plaintiff identified more than 700 accused semiconductor products but charted only one representative product, relying on a common manufacturing-process theory and information available from the defendant's website. No. 2:23-cv-00212-JRG, Dkt. 109 at 2, 7–8 (E.D. Tex. Apr. 23, 2024). The Court rejected the argument that the plaintiff was required to chart every accused product, recognizing that the relevant semiconductor structures and manufacturing details were not publicly available and that whether the other products shared the accused features was "precisely the type of information that discovery is designed to reveal." *Id.* at 7–8.

By contrast, in both *Universal Connectivity Techs. Inc. v. Lenovo Group Ltd.* and *Uniloc 2017 LLC v. Google LLC*, the Court rejected representative charting because the plaintiffs failed to provide a meaningful explanation connecting their infringement theories to the uncharted products. For example, in *UCT*, the plaintiff merely designated a product as "exemplary" without explaining why hundreds of other accused products infringed in the same way. No. 2:23-cv-00449-JRG, 2025 WL 1144734, at *4 (E.D. Tex. Apr. 15, 2025). In *Uniloc*, the Court found that the plaintiff had made no meaningful effort to use publicly available information to establish that its charted products were reasonably similar to the uncharted products. *Uniloc*, Dkt. 220 at 2.

These cases make clear that Everlight did precisely what it was supposed to do with respect to representative claim charting: it identified each accused module, investigated SSC's publicly available technical information, and explained why the same infringement theory applies across the identified WICOP product family. Dkt. 50-2 at 7. Requiring 37 additional claim charts based on the same publicly available information, as SSC demands, would merely duplicate Everlight's infringement theory, not clarify it.

**B. The Requested Discovery Is Directly Relevant to Everlight's Claims**

For the avoidance of doubt, the requested discovery is relevant. For example, Everlight's Interrogatory Nos. 2 and 6 seek information such as the accused WICOP modules' fabrication, manufacturing processes, sales, and importation. Ex. A at 7, 13. Interrogatory No. 15 asks SSC to identify any technical differences between the charted module and the 37 other identified WICOP modules concerning their semiconductor layers, electrodes, insulating layers, and the processes used to form those structures. Ex. E at 4. Everlight also seeks technical and financial documents concerning those same products that bear directly on SSC's liability and potential damages. SSC has no basis to categorically refuse discovery concerning those products.

### C. SSC Cannot Withhold Discovery Based on Its Disagreement with Everlight's Infringement Contentions or Discovery Objections

During the parties' efforts to resolve this dispute, SSC attempted to justify its refusal to provide discovery by pointing to Everlight's objections to SSC's own infringement contentions.

Specifically, SSC's counterclaim infringement charts contain sweeping, boilerplate catch-all language purporting to accuse vast categories of Everlight products, including products from entirely different product lines plucked from Everlight's website, without any explanation of why those disparate products would infringe in the same manner as the charted products. For example, SSC's Exhibit J-1 charts Everlight's EAHC2835WD3 LED product but then purports to extend that chart to "all other charted products" and "all products having substantially similar structure and/or operation with respect to infringement," including numerous Flash LED and Backlight LED products listed on Everlight's website. Ex. F at 1 (SSC's Preliminary Infringement Contentions, Ex. J-1). But unlike Everlight, which pointed to SSC's datasheets, technical materials, and website to support representativeness, SSC offers no explanation why its analysis of the EAHC2835WD3, including its microscopic examination of its semiconductor structures and dielectric layers, would apply equally to the numerous other disparate products it purports to accuse. *Id.*

Everlight properly objected to SSC's sweeping, unsupported catch-all language. SSC now attempts to turn those objections against Everlight, arguing that because Everlight refused to provide discovery concerning products for which SSC failed to establish representativeness, Everlight likewise cannot seek discovery concerning the 37 additional WICOP modules because Everlight's position "must apply equally to both sides." Ex. C at 2 (SSC's Oct. 5, 2026 Amended Interrogatory Responses).

But the parties' infringement contentions are fundamentally different. Everlight did precisely what this Court has approved: it expressly identified all 38 WICOP modules by model

number and explained, based on SSC's own publicly available technical materials, why the charted SWW0CS10A module is representative of the other modules in the same product family. Dkt. 50-2 at 7; *see, e.g.*, *RightQuestion*, Dkt. 74 at 1–2. SSC, by contrast, did precisely what this Court has rejected: it relied on sweeping, boilerplate catch-all language to accuse entire categories of disparate products without providing any technical explanation connecting those products to its representative charts. *See, e.g.*, *TiVo*, 2016 WL 5172008, at *2–3; *Uniloc*, Dkt. 220 at 2.

Not only are the parties' infringement contentions different, but SSC's attempt to justify its conduct based on Everlight's objections is precisely the type of "tit-for-tat" discovery practice this Court has expressly admonished against. *See Scott Env't Servs. v. Newfield Expl. Co.*, No. 2:19-cv-00026-JRG-RSP, 2019 WL 13149925, at *1 (E.D. Tex. Dec. 16, 2019) ("The Court does not look favorably upon a 'tit-for-tat' approach to discovery"). Courts have repeatedly rejected attempts to withhold discovery based on perceived deficiencies in an opposing party's production. *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581–82 (N.D. Tex. 2018) (collecting cases). And this Court's Discovery Order expressly provides that a party is not excused from its discovery obligations "because it challenges the sufficiency of another party's disclosures." Dkt. 32 at 10. In any event, Everlight's objections to SSC's infringement contentions are well-founded because SSC's sweeping, unsupported assertions of representativeness fall far short of this Court's requirements. SSC cannot invoke those objections as a pretext for categorically withholding discovery concerning the 37 WICOP modules that Everlight properly identified and accused.

## V. CONCLUSION

Everlight respectfully requests that the Court reject SSC's categorical refusal to provide discovery concerning the 37 additional WICOP modules and compel SSC, within fourteen days, to serve supplemental interrogatory responses and relevant documents concerning those modules.

Dated: November 10, 2026

*/s/ Michael P. Sandonato by permission Garrett C. Parish*

Michael P. Sandonato
New York Bar No. 2532646
LEAD ATTORNEY
Jonathan L. Ko
California Bar No. 321827
VENABLE LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Philip T. Sheng
California Bar No. 278422
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

Parker G. Zimmerman
New York Bar No. 6017784
VENABLE LLP
151 W 42nd Street, 49th Floor
New York, NY 10036
Telephone: (212) 307-5500
Facsimile: (212) 307-5598

Of Counsel:
Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
Garrett C. Parish
Texas Bar No. 24125824
garrett@millerfairhenry.com
Miller Fair Henry PLLC
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
*Everlight Electronics Co., Ltd.*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that lead and local counsel for Everlight and SSC met and conferred on November 2, 2026, in a good-faith effort to resolve the issues raised in this motion. Despite those efforts, the parties were unable to reach agreement. SSC maintains its refusal to provide discovery concerning the 37 additional WICOP modules identified in Everlight's infringement contentions and opposes the relief requested in this motion.

/s/ *Michael P. Sandonato*
Michael P. Sandonato

/s/ *Garrett C. Parish*
Garrett C. Parish

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

/s/ *Garrett C. Parish*
Garrett C. Parish